# EXHIBIT 2

Case 2:16-cv-00098-MRH Document 64 Filed 01/29/19 Page 2 of 102

**2**

**FILED**

**DEC 31 2018**

**TONYA S. GEIST**
PROTHONOTARY & CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
JEFFERSON COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DUDO and DANIELLE DUDO, and GWENDOLYN TERRELL, | ) | CIVIL ACTION |
| | ) | |
| Plaintiffs, | ) | No. 1236-2018 |
| | ) | |
| v. | ) | CLASS ACTION COMPLAINT |
| | ) | |
| CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE, N.A. | ) | Counsel of Record for Plaintiffs: |
| | ) | Richard Shenkan - Pa. Id. No. 79800 |
| Defendant. | ) | Shenkan Injury Lawyers, LLC. |
| | ) | 6550 Lakeshore St. |
| | ) | West Bloomfield, MI 48323 |
| | ) | T: (248) 562-1320 |
| | ) | F: (888) 769-1774 |
| | ) | |

1

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Laurel Legal Services, Inc.
194 Main St.
Brookville, PA 15825
Telephone: (814) 849-3044

## CLASS ACTION COMPLAINT

Representative Plaintiffs Michael Dudo, Danielle Dudo, and Gwendolyn Terrell, on behalf of themselves individually and all others similarly situated, hereby file this Class Action Complaint against Capital One Auto Finance, a division of Capital One, N.A. (hereafter "COAF"), and allege as follows:

### I.   INTRODUCTION

1.     Plaintiffs bring this consumer class action on behalf of similarly situated residents in Pennsylvania, seeking statutory damages through the Uniform Commercial Code ("UCC"), individually, and in *pari materia* with the Motor Vehicle Sales Finance Act ("MVSFA"), necessitated by Defendant's commercially unreasonable conduct in servicing its vehicle loans by, *inter alia*, failing to comply with the strict statutory requirements relating to post-repossession consumer disclosure notices.

### II.   PARTIES

2.     Representative Plaintiffs Michael Dudo and Danielle Dudo are adult individuals who reside at 414 Mount Pleasant, New Castle, PA  16101.

3.     Michael and Danielle Dudo were codebtors and/or co-obligors on their respective vehicle loans.

4.     Plaintiff Gwendolyn Terrell is an adult individual residing at 7610 Mulford Street, Pittsburgh, PA 15208.

5.     Defendant Capital One Auto Finance is a division of Capital One, N.A. ("COAF") with its principal place of business at 1680 Capital One Dr., McLean VA 22102 in Fairfax County, Virginia.

6.     Defendant regularly and systemically conducts business throughout Pennsylvania.

2

7.  Capital One Auto Finance is a fictitious name registered in Pennsylvania by Capital One, N.A., the sole defendant in this matter. At all relevant times, COAF was (or is) the assignee, holder, and/or servicer of loans secured by Plaintiffs' and putative class members' vehicles when each of the subject statutory notices were sent (or caused to be sent) and/or is (or was) otherwise responsible for and/or participated in commercially unreasonable acts set forth below.

### III. DEFINITIONS

8.  **Adesa Mercer Auction or Adesa Mercer**: These terms refer to a site where both wholesale/dealers-only private auctions as well as public auctions (those open to the general public to attend and bid) occur. According to Adesa's website, the auction facility is located at 758 Franklin Road, Mercer, PA 16137.

9.  **Administrative Fee**: The term "Administrative Fee" refers to a fee that COAF, a third party repossessor, and/or the auction selling the repossessed vehicle, charged to debtors as a precondition to Reinstatement or Redemption.

10. **Debtor**: The term "Debtor" is "A: (1) person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor ..." *See*, 13 Pa. C.S.A. §9102;

11. **Good Faith**:  The term "Good Faith" means honesty in fact and the observance of reasonable commercial standards of fair dealing. 13 Pa.C.S.A. §1201; See, *"Obligation of Good Faith"* below.

12. **Motor Vehicle**:  Except as otherwise stated, the term "Motor Vehicle" means a device in which, upon which or by which a person or property is or may be transported or drawn upon a public highway, including an automobile, a truck, a sports utility vehicle, a van,

3

a minivan, a camper, a recreational vehicle, a motorcycle, or a truck. For purposes of this Complaint, the term is not intended to include a semitrailer or manufactured home.

13.     **Notice of Repossession**: The term "Notice of Repossession" refers to a post-repossession consumer disclosure notice and has the same meaning as the term "notification of disposition," in 13 Pa.C.S.A. §§9611, 9613, and 9614. COAF used at least one standardized, uniform form throughout the Class Period. The only information modified in the Notices of Repossession which is unique to each customer consists of amounts, personally identifiable information, unique data pertaining to the repossessed vehicle, the customer's loan information, and dates and, for the Redemption Period Class, the date after which the chattel will be sold by COAF.

14.     **Obligation of Good Faith**: The term "Obligation of Good Faith" refers to the requirement that "Every contract or duty within this title imposes an obligation of good faith in its performance and enforcement." 13 Pa. C.S.A. §1304.

15.     **Obligor**: The term "Obligor" refers to "A person that, with respect to an obligation secured by a security interest in or an agricultural lien on the collateral: (1) owes payment or other performance of the obligation; (2) has provided property other than the collateral to secure payment or other performance of the obligation; or (3) is otherwise accountable in whole or in part for payment or other performance of the obligation. The term does not include any issuer or nominated person under a letter of credit. This term is identically or substantially the same for each of the states encompassing Plaintiffs' Post-Sale Notice UCC claims. See, 13 Pa. C.S.A. §9102.

16.     **Post-Sale Notice**: The term "Post-Sale Notice" is a post-sale consumer disclosure notice which has the same meaning as the term "Explanation of Calculation of Surplus or Deficiency" in Section 9616 of the UCC. 13 Pa. C.S.A. §9616. This term also

4

refers to the "deficiency notice" as required by 12 Pa.C.S. §6261(d) (Emphasis added). The only information modified in Post-Sale Notices which is unique to each customer consists of amounts, personally identifiable information, unique data pertaining to the repossessed vehicle, the customer's loan information, and dates.

17. **Redeem/Redemption**: Unless stated otherwise, the term "Redemption" means a "buy back" of the repossessed vehicle by terminating the contract upon payment of the unpaid portion of the amount financed and the finance charge, plus late charges, costs of retaking, repairing and storing the vehicle, and any other amounts lawfully due under the contract. 12 Pa.C.S.A. §6259.

18. **Redemption Amount**: The term "Redemption Amount" is the amount a debtor, obligor, or co-obligor would need to pay to buy back his/her repossessed vehicle, which is calculated as, according to 13 Pa. C.S.A. §9623(b), the "(1) fulfillment of all obligations secured by the collateral; and, (2) the reasonable expenses...described in 13 Pa. C.S.A. §9615(a)(1)." 13 Pa. C.S. §9615(a)(1) speaks of "reasonable *expenses* of retaking, holding, preparing for disposition, processing and disposing ... *incurred* by the secured party." (emphasis added). COAF listed a purported Redemption Amount on its Notices of Repossession with the language "Total Amount Due to Redeem Vehicle" or similar language.

19. **Redemption Fee**: The term "Redemption Fee" refers to fees each Class Member was required to pay as a precondition to redeeming his/her repossessed vehicle.

20. **Schumer Box**: The term "Schumer box" is a table with a standardized format that discloses the rates, fees, terms and conditions of a credit card or other lending agreement as required under the federal Truth in Lending Act (TILA). An exemplar of a Schumer Box is shown in the Damages section below.

5

21.    **Storage Fee/Expense**: The term "Storage Fee" or "Storage Expense" is a fee/expense purportedly for the storage of the repossessed vehicle.

## IV.    FACTS

22.    From October 5, 2010 to date, COAF, as secured creditor, or its agents, repossessed each of the Representative Plaintiffs' and class members' vehicles.[1]

### A.    Notice of Repossession

23.    After having repossessed their vehicles, COAF sent each Plaintiff and class member a computer-generated post-repossession consumer disclosure notice form Notice of Repossession to alert them, *inter alia*, that their vehicles had been repossessed, the alleged amount owed, the intended method of disposition of the repossessed vehicle (a public or a private auction), and the date after which COAF would sell the repossessed vehicle.

#### 1. Incorrect Statement of Intended Method of Disposition

24.    All Notices of Repossession sent to the Representative Plaintiffs and Class Members in the Public Auction Class stated that the repossessed vehicle would be sold at a "private sale," a sale/auction at which the class members were not permitted to attend and bid on their repossessed vehicle.

25.    This was material statement was inaccurate.

26.    The repossessed vehicles of all Representative Plaintiffs and Class Members in the Public Auction Class were sold at a public sale at the Adesa Mercer Auction, an advertised auction (the "Bank Repo Sale") at which members of the public (including the debtors/co-obligors whose vehicles were repossessed) were permitted to attend and participate (i.e. a "public auction").

---

[1] This period is based on tolling from a previously-filed class action complaint also against Capital One captioned *Langer, et al., v. Capital One Auto Finance*, 2:16-CV-06130-HB (W.D. Pa. 2016)(hereafter "Federal Action"). The non-tolled class period, plead in the alternative, commences six years before the filing of this Complaint.

27.     At all relevant times, Adesa Mercer's Repo Sale was advertised to the public and/or public notices were provided which invited members of the public to attend the auction.

28.     Adesa promoted its Bank Repo Sale in multiple ways including: (a) internet advertisements; (b) fax advertisements sent to members of the public who requested lists of inventories to be sold at the upcoming public repo sale; and, (c) local newspaper(s).

29.     Adesa ran weekly advertisements in a local newspaper promoting the Bank Repo Sale, which generally occurred monthly.

30.     In each newspaper advertisement in at least one local newspaper, the Allied News, ran prior to March 2018, Adesa promoted the www.adesamercer.com website which, in turn, promoted the Bank Repo Sale as a public auction. The advertisement routinely stated **"PUBLIC WELCOME"** – doubling as both a public notice and advertisement. See exemplar advertisements/public notices attached as **Exhibit 1**.

31.     The Adesa Mercer Auction's website www.adesamercer.com promoted the Bank Repo Sales for *at least* several years stating that the auctions were open to the public to attend. [2] The www.adesamercer.com website stated:

> We are a dealer only auction – *with the exception of COAF Repo sales that are open to the public*. Bank Repo sales are weekly and units run in Lane [varies by advertisement] at 9:00 am. (Emphasis added).

---

[2] Archives of the www.adesamercer.com website and its respective archival date are set forth below: August 18, 2015 (**Exhibit 3**); January 10, 2016 (**Exhibit 4**); March 14, 2016; (**Exhibit 5**); (May 22, 2016) (**Exhibit 6**); October 4, 2016 (**Exhibit 7**); May 20, 2017 (**Exhibit 8**); September 14, 2017;(**Exhibit 9**); March 30, 2018 (**Exhibit 10**). The "Internet Archive" only has archives of Adesa's website from August 15, 2015 through March 30, 2018. Any earlier versions of the website will have to be obtained via discovery. Plaintiffs allege that these advertisements pre-dated August 18, 2015. This fact is supported by the reference on p. 5 of the 8/18/15 webpage which states when it was "Last update 8/17/15."

32. The exact date when COAF commenced selling vehicles at Adesa's Repo Sale is unknown at this time, though is believed and therefore averred to be before the beginning of the class period of October 5, 2010.

33. COAF stopped selling its repossessed vehicles at Adesa Mercer's public Bank Repo Sale in March of 2018.

### 2. Incorrect Statement of Redemption Amounts

34. COAF had contracts with auctions and repossessor agents (or with the repossessors themselves) relating to the repossessed vehicles in Pennsylvania, which permitted these vendors to charge and collect a "fee" from COAF's customers in the form of an "Administrative Fee," a "Storage Fee," and/or "Redemption Fee" as a precondition before the repossessed vehicle was redeemed.

35. The Redemption Amounts in the Notice of Repossession which COAF sent to Plaintiffs and Hidden Fee Class Members systematically did not accurately state the Redemption Amount which either included one or more of these fees (causing an overstated Redemption Amount) or failing to disclose one or more of them though nonetheless requiring that they be paid, a hidden fee(s) (causing an understated Redemption Amount).

36. For example, with respect to Storage Fees, COAF has a provision in its vendor contract(s) with brokers, repossession agents, and/or auctions which provides that COAF is not charged any storage expenses for at least the first five (5) days the repossessed vehicle is stored at the repossessor's and/or auction's premises. Notwithstanding the foregoing, as a matter of policy and practice, COAF has billed its Class Members for un-incurred Storage Fees in the Redemption Amount in the Notices of Repossession or permitted its repossessors / auctions to assess its

customers an un-incurred Storage Fee, often $25-$35 *per day* as a precondition to redeem their repossessed vehicles.

37.     Because COAF did not incur any of these "fees," they were not statutorily prohibited to be included in the Redemption Amount in any form.

## B.     Post-Sale Notices

38.     As a matter of policy and practice, COAF improperly assessed Plaintiffs and UCC and MVSFA Post-Sale Notice Class Members expenses in the Post-Sale Notice which COAF did not actually incur or which were unreasonable or unecessary.

39.     Further, on the line describing the total "Expenses" on the Post-Sale Notice which COAF sent to Plaintiffs and the UCC and MVSFA Post Sale Notice Class Members, COAF listed the included expenses as:

> Expenses for the retaking, holding, preparing for disposition, processing and disposing of the collateral, including attorney fees **and interest** [emphasis added]

40.     COAF improperly categorically included interest on the subject vehicle loan under the nomenclature of an "expense," or in the alternative, included the amount of interest sought in both the "Expenses" and the "Aggregate Amount Owed" amounts on the Post-Sale Notice. Thus, the Post-Sale Notice was statutorily non-compliant in that it did not provide accurate content and/or provided such content in the wrong order or with the improper nomenclature.

41.     Also, also as a matter of course, during all relevant times, in cases of a loan with co-obligors / co-debtors in the UCC and MVSFA Post-Sale Notice Classes (as with Michael and Danielle Dudo), COAF failed to send a separately addressed, separate Post-Sale Notice to each co-obligor/co-debtor, despite the fact that COAF held each of them liable for any (disputed) deficiency balance arising from the sale of their repossessed vehicle before demanded payment of

the deficiency balance (by submitting the (disputed) deficiency balance in the credit reports for all co-obligors/co-debtors or otherwise demanding payment by telephone or other means through COAF or third-party collection company(s).

42.     Additionally, also as a matter of course, during all relevant times, COAF failed to send separate, separately addressed Post-Sale Notices to co-obligors /co-debtors in Pennsylvania via personal delivery or certified or registered mail, as was required after December 1, 2014.

## V.     GOVERNING LAW

**Every Aspect of a Disposition of Collateral Must Be Commercially Reasonable, and the Actions of the Creditor must be taken in Good Faith**

43.     There are two overarching principles that must guide a secured creditor's conduct in foreclosing on a vehicle loan and repossessing and selling a financed vehicle. First, all aspects of its conduct must be "commercially reasonable," as required by Section 9610(b). Second, regardless of whether there is ultimately a reinstatement of the loan or a redemption or sale of the repossessed vehicle, a secured creditor must fulfill its Obligation of Good Faith: to conduct itself honestly and observe reasonable commercial standards of fair dealing. *See*, 13 Pa. C.S §9102; and §1304.

44.     Section §9610(b) of the UCC requires that *all aspects* of the sale of a repossessed vehicle <u>must</u> be commercially reasonable. It further expressly prohibits the sale of the collateral if the sale is not commercially reasonable. The statute states, in relevant part, as follows:

> (b)   Commercially reasonable disposition – *Every* aspect of a disposition of collateral, including the method, manner, time, place and other terms, *must be* commercially reasonable. **[*Only*] <u>If</u>** commercially reasonable, a secured party may dispose of collateral by **public** or **private** proceedings. …
> (Emphasis added).

10

45.     As described herein, many aspects of COAF's conduct were not commercially reasonable, in violation of one or more statutes, regulations, and/or COAF's self-imposed duties or obligations.

46.     COAF violated the Pennsylvania UCC as described herein, independently and in *pari materia* with the MVSFA, with regard to, *inter alia*, its obligations of good faith and to proceed in a commercially reasonable manner, both of which are implied statutory duties in each of the statutes and regulations which COAF violated as set forth herein.

### The UCC and MVSFA must be read *in pari materia*

47.     Repossessors of vehicles, such as COAF, are required to comply with both the UCC and MVSFA, 12 Pa.C.S.A. §6201, *et seq.*, which must be applied in *pari materia*. *Industrial Valley Bank & Trust Co. v. Nash*, 349 Pa. Super. 27, 502 A.2d 1254 (1985); *Coy v. Ford Motor Credit Co.*, 422 Pa. Super. 76, 79, 618 A.2d 1024, 1025 (1993); *Whiteman v. Degnan Chevrolet, Inc.*, 217 Pa. Super 424, 272 A.2d 244 (1970); *McCall v. Drive Financial Services, L.P., et al.*, January Term, 5 (2009) (**Exhibit 2**), and 13 Pa. C.S.A. §9620, Comment 9.

48.     "Statutes or parts of statutes are in *pari materia* when they relate to the same persons or things or to the same class of persons or things." 1 Pa. C.S. §1932(a). "Statutes in *pari materia* shall be construed together, if possible, as one statute." 1 Pa. C.S. §1932(b).

49.     The MVSFA sets forth notice requirements for secured parties who repossess other than by legal process. Likewise, the UCC sets forth the notice requirements for secured parties who repossess other than by legal process. Therefore, these statutes clearly relate to the same persons or things and/or to the same class of persons or things, debtors whose vehicles were repossessed outside the judicial process.

50.     Further, Comment 9 to 13 Pa.C.S. §9620 states:

11

**Applicability of Other Law.** This section does not purport to regulate all aspects of the transaction by which a secured party may become the owner of collateral previously owned by the debtor. For example, a secured party's acceptance of a motor vehicle in satisfaction of secured obligations may require compliance with the applicable motor vehicle certificate-of-title law. State legislatures should conform those laws so that they mesh well with this section and Section 9-610, and courts should construe those laws and this section harmoniously. A secured party's acceptance of collateral in the possession of the debtor also may implicate statutes dealing with a seller's retention of possession of goods sold.

Comment 9 specifically directs courts to construe UCC provisions "harmoniously," i.e. in *pari materia*, with other laws that regulate secured transactions. The MVSFA is such a law.

## VI.   STATUTORY VIOLATIONS

### Commercial Unreasonableness of COAF's
### Post-Repossession Consumer Disclosure Notices

**A.   Notice of Repossession**

51.     In the course of the repossession and disposition process, COAF had a statutory obligation to provide a "reasonable authenticated notification of disposition" (i.e. "Notice of Repossession") of the collateral, containing important mandatory information about the repossession and intended disposition of the vehicle. 13 Pa.C.S.A. §9611, 12 Pa.C.S.A. §6254.[3]

**1.     Failure to Adequately Inform of Intended Method of Disposition**

---

[3] Plaintiffs are <u>not</u> asserting an MVSFA claim independently, but only in *pari materia* with the UCC. *See, Indus. Valley Bank & Trust Co. v. Nash, supra., Coy v. Ford Motor Credit Co., supra., Whiteman v. Degnan Chevrolet, Inc.,* supra.; and *McCall v. Drive Financial Services, L.P., supra.* (hereafter collectively "***Pari Materia Precedent***") and 13 Pa. C.S. §9610. Plaintiffs contend that a violation of the UCC and MVSFA in *pari materia* renders the disposition commercially unreasonable pursuant to 13 Pa. C.S. §9610. The MVSFA was originally found in Chapter 7 of Title 69 of Purdon's Statutes. In 2014, it was repealed and recodified in Chapter 62 of Title 12 of Pennsylvania Consolidated Statutes. The recodified provisions at issue are identical or substantially the same as the original provisions, excluding only the UCC/MVSFA *pari materia* claim pertaining to the post-sale notice.

52.     Thirteen Pa.C.S.A. §9613(1)(iii) (applicable to consumer transactions via §9614(1)(i)) requires a Notice of Repossession to "state [ ] the method of intended disposition."

53.     The Notices of Repossession sent to the Plaintiffs and class members by COAF violated 13 Pa.C.S.A. §9613(1)(iii) and §9614(1)(i) by stating that the disposition (sale) would be by private sale when the Plaintiffs' and the Public Auction Class Members' repossessed vehicles were actually sold at a public sale, as described above.

54.     Official Comment 7 to 13 Pa.C.S. §9610 defines "public disposition," i.e. a "public sale":

> [A] "public disposition" is one at which the price is determined after the public has had a meaningful opportunity for competitive bidding. "Meaningful opportunity" is meant to imply that *some form* of *advertisement* or *public notice* **must precede the sale (or other disposition) and that the public must have access to the sale (disposition).** (Emphasis added).

55.     At all relevant times, as a matter of policy and practice, Adesa Mercer and/or its authorized agent(s) advertised the www.adesamercer.com website, the date, time, and location of the Bank Repo Sales and made the public notice that the public was welcome to attend and bid (via the statement "*PUBLIC WELCOME*"), in at least one local newspaper, the *Allied Times*. (see **Exhibit 1**).

56.     Because COAF had a representative present at the auctions, at the time that COAF sent the Notices of Repossession to Plaintiffs and class members, it knew or reasonably should have known that the repossessed vehicle would be going to the Adesa Mercer auction and that it would be offered for sale there at a public auction.

57.     The Pennsylvania Superior Court describes the critical importance for a creditor to inform the debtor of his/her right to place a bid at a public auction.

13

> By notifying the debtor of the time and place of public sale, the debtor is given the opportunity to take whatever steps are necessary to protect his interest by taking part in the sale if he so desires. ... *the notice requirement is easy to understand and apply; it is inspired by the forlorn hope that the debtor, if he is notified, will either acquire enough money to redeem the collateral or send his friends to bid for it. Indus. Valley Bank and Trust Co. v. Nash*, 502 A.2d 1254, 1263 (Pa. Super. Ct. 1985)(*quoting* J.J. White and R.S. Summers, *Uniform Commercial Code*, 26-9 (2d ed. 1980))(Emphasis added).

58.     COAF acted in a commercially unreasonable manner in violation of 13 Pa.C.S. §9610(b) by sending Notices of Repossession that inaccurately disclosed to Plaintiffs and Class Members of the Public Auction Class that the auction of their repossessed vehicles would be a "private sale" when such disposition occurred at a public sale which the Plaintiffs and class members could attend.

59.     Such inaccurate statement violated 13 Pa. C.S. §§9613 and 9614 and COAF's Obligation of Good Faith, 13 Pa.C.S. §1304.

60.     Moreover, in addition and/or in the alternative, the form, manner, and/or adequacy/sufficiency of the publication of Adesa's Bank Repo auction and/or its misinforming Plaintiff and class members of the intended disposition of the sale in its Notice of Repossession was commercially reasonable and/or otherwise in violation of the *Pari Materia Precedent*, *supra*.

### 2.     Inaccurate Redemption Amounts in Notices of Repossession

61.     13 Pa.C.S.A. §9623(b)(2) allows a debtor to redeem his/her vehicle by tendering, *inter alia*, the reasonable expenses and attorney fees described in 13 Pa.C.S.A. §§9615(a)(l).

### a.   Hidden Fees Not Disclosed

62.     As a matter of policy and practice, COAF sent Notices of Repossession to Plaintiffs and the Hidden Fees Class Members that failed to provide notice (or adequate notice) of the Administrative Fee, Redemption Fee, and/or Storage Fees.

14

63.     In addition, and/or in the alternative, COAF failed to include costs which were necessary, reasonable, and/or actually incurred in the "Total Amount Due to Redeem Vehicle" as stated in the Notice of Repossession COAF sent to each Plaintiff and Hidden Fee Class Member.

64.     The failure to include these amounts as required by §9623 and §9615 made the Redemption Amount stated in the Plaintiffs' and Hidden Fee Class Members' Notices of Repossession inaccurate, and therefore, commercially unreasonable, in violation of 13 Pa.C.S. §9610(b), in violation of COAF's Obligation of Good Faith, 13 Pa.C.S. §1304, the *Pari Materia Precedent, supra.*, thereby triggering statutory damages pursuant to 13 Pa. C.S. §9625.

65.     Inaccurate information in the Notice of Repossession also violated 13 Pa.C.S. §9611(b), requiring a "*reasonable* authenticated notification of disposition." COAF did not send an accurate Notice of Repossession to Plaintiffs and the Hidden Fees Class Members, as it did not include the proper sums for the redemption amounts and/or by failing to accurately state the method of intended disposition.

**b.     Unincurred Fees Included in Redemption Amount**

66.     Further, or in the alternative, COAF included one or more of these fees as expenses included in the Redemption Amount on the Notices of Repossession, however they were not incurred by COAF and/or were otherwise unreasonable and/or unnecessary as they did not constitute COAF's "*reasonable* expenses of retaking, holding, preparing for disposition, processing and disposing" of the collateral, as required by 13 Pa.C.S.A. §9610(b), 9611, 9615(a)(l), 9623(b)(2), 12 Pa. C.S. §6256(2), (3), and (4), the *Pari Materia Precedent*, and COAF's Obligation of Good Faith, 13 Pa.C.S. §1304.

67.     These fees/expenses are also not supported by receipts or other satisfactory evidence of payment and/or COAF's records do not show detailed information as to the nature

15

and amount of each fee, the date of payment, and the receipt of payment thus they were not permitted under 12 Pa.C.S.A. §6256(3) or (4).

68. These fees were charged by COAF, or in the alternative, were charged by a third-party agent(s) with the consent of and/or at the direction of COAF, who arranged and/or ratified this improper assessment to Plaintiffs and Class Members.

**B.    Post-Sale Notice**

69. Under the UCC and/or pursuant to industry standards, at all relevant times, COAF was required to send a Post-Sale Notice to Plaintiffs and UCC and MVSFA Post-Sale Class Members.

70. A Post-Sale Notice is required to be sent "after the disposition and before or when the secured party accounts to the debtor and pays any surplus or first makes written demand on the consumer obligor after the disposition for payment of the deficiency." 13 Pa.C.S.A. § 9616(b)(1)(i).

71. The Post-Sale Notices themselves are written demands for the deficiency (or notifications of surplus) and, thus, every Plaintiff and Class Member who is a debtor or obligor and whose name is listed on a Post-Sale Notice sent by COAF (even if they do not receive the notice) has had a written demand made on them by COAF for the alleged deficiency (or notified that they are being paid the surplus), and therefore was legally entitled to be sent a Post-Sale Notice pursuant to the requirements of the UCC.

72. Also, or in the alternative, every person on whose credit report COAF has listed the alleged deficiency has had written demand for the deficiency made upon them and were legally entitled to be sent a Post-Sale Notice addressed and sent, separately to each obligor/debtor.

73. 13 Pa.C.S. §9616(b)(1) states:

Explanation of calculation. -- In a consumer-goods transaction **in which the debtor is entitled to a surplus or a consumer obligor is liable for a deficiency** under

16

section 9615 (relating to application of proceeds of disposition; liability for deficiency and right to surplus), the secured party shall comply with one of the following paragraphs: (1) **Send an explanation to the debtor or consumer obligor, as applicable,** after the disposition and: (i) before or when the secured party accounts to the debtor and pays any surplus or first makes written demand on the consumer obligor after the disposition for payment of the deficiency; and (ii) within 14 days after receipt of a request.

74.     The reference to the singular "debtor" and singular "consumer obligor" requires notice to be sent to every debtor and every obligor, not just one of the debtors, or one of the consumer obligors, because the Pennsylvania Rules of Statutory Construction state that "The singular shall include the plural, and the plural, the singular." 1 Pa.C.S.A. §1902.

75.     Thus, if the secured loan has two or more obligors and there is a deficiency balance purportedly owing, then a separate, separately addressed Post-Sale notice must be sent "to [each] debtor or consumer obligor, as applicable." 13 Pa.C.S. §9616.

76.     Further, for class members who were sent a Post-Sale Notice any time after December 1, 2014,[4] the MVSFA requires that within 30 days after the sale of a repossessed vehicle, the "installment seller or holder **shall** deliver in person or send by registered or certified mail to the last known address of the buyer a deficiency notice…" 12 Pa.C.S. §6261(d)(Emphasis added).

77.     Buyer is defined by the MVSFA as:

> A person who buys, hires or leases a motor vehicle under an installment sale contract or a legal successor in interest to the person, even if the person may have entered into an extension, deferment, renewal or other revision of the contract. (2) The term includes a person who as surety, endorser, guarantor or otherwise is liable on an obligation created by a buyer under an installment sale contract. 12 Pa.C.S. §6202.

---

[4] Effective December 1, 2014, the MVSFA was recodified at 12 Pa.C.S.A. §6201, *et seq.*, in part setting forth the new requirement that Post-Sale Notices be sent in person or by registered or certified mail.

78.     As with §9616 above, §1902 requires the singular to include the plural. Thus, "buyer" also means "buyers." Therefore, the MVSFA requires Post-Sale Notices to be sent to each buyer (buyer, surety, endorser, guarantor or person who is otherwise liable) by registered or certified mail.

79.     As a matter of course, at all relevant times, COAF did not comply with Section 6261(d) by sending Post-Sale Notices to each individual buyer by registered or certified mail as was the case of Michael and Danielle Duda and all co-debtor/co-obligors of the MVSFA and UCC Post-Sale Notice Classes.

80.     Furthermore, on the line describing the total "Expenses" on the Post-Sale Notice, COAF lists the included expenses as:

> Expenses for the retaking, holding, preparing for disposition, processing and disposing of the collateral, including attorney fees **and interest** [emphasis added]

81.     Interest is not listed as a type of expense under 13 Pa.C.S. §9616(c)(4).

82.     COAF included interest on the vehicle loans that accrued after the date of repossession as part of the aggregate expenses listed on the Post-Sale Notice.

83.     Accrued interest is part of the "aggregate amount of obligations secured by the security interest" and should have been included in the amount next to "Aggregate Amount Owed" only, rather than in addition to or solely, under the category of "Expenses."

84.     Thus, the Post-Sale Notice sent to Plaintiffs and/or class members either misclassified information, mis-stated sums, and/or and did not provide the information in the required order in violation of 13 Pa.C.S. §9616.

85.     Or in the alternative, this interest was included in both the "Aggregate Amount Owed" and the "Expenses" amounts on the Post-Sale Notice, in violation of 13 Pa.C.S. § 9616.

86.     COAF also sent Post-Sale Notices which included aggregate expenses which included un-incurred, unreasonable, and/or unnecessary expenses as part of the deficiency balance.

87.     COAF acted in a commercially unreasonable manner, in violation of Sections 9610(b) and 9616, by failing to send Post-Sale Notices to all borrowers *and* all co-obligors; by failing to send the Post-Sale Notices in person or by registered or certified mail; by including post-repossession interest in the aggregate expenses amount, and by including non-incurred expenses. These actions/omissions were part of a pattern and consistent with a practice of non-compliance, in violation of the UCC, independently, the UCC and MVSFA in *pari materia*, and *Pari Materia Precedent, supra.*

### COAF Acted in a Commercially Unreasonable Manner and
### Violated its Obligation of Good Faith

88.     COAF's actions and omissions set forth in this Complaint are commercially unreasonably in violation of 13 Pa.C.S.A. §9610(b) and are a failure by COAF to comply with its Obligation of Good Faith in its performance of its contracts, duties, and statutory obligations, in its servicing of Plaintiffs' and class members' vehicle loans.

### VII.   DAMAGES
### The UCC Provides for Minimum Compensatory Statutory Damages

89.     13 Pa. C.S.A. §9625(c)(2) allows consumer debtors such as Plaintiffs (and members of the putative class) to recover statutory damages of not less than the credit service charge (finance charge) plus 10% of the principal amount of the obligation (amount financed) because COAF "failed to comply with this chapter." These figures are readily determinable simply by a review of the Schumer Box of each Class Members' retail instalment sales contract.

90.     By way of example, the minimum compensatory §9625(c)(2) statutory damage calculation based upon the following example is $8,295.30 (finance charge) + $1,301.43 (10% of

amount financed) = $9,596.73. The Schumer Box from the Langers'[5] retail instalment sales

contract is set forth below:

| FEDERAL TRUTH-IN-LENDING DISCLOSURES | | | | | Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit. |
|---|---|---|---|---|---|
| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all payments as scheduled | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1000.00 is | If any insurance is checked below, polices or certificates from the named insurance companies will describe the terms and conditions |
| 21.00 % | $ 8295.30 | $ 13014.30 | $ 21309.60 | $ 22309.60 | Check the insurance you want and sign below Optional Credit Insurance ☐ Credit Life  ☐ Buyer  ☐ Co-Buyer  ☐ Both |

91.     The Official Comments to the UCC are entitled to great weight under

Pennsylvania law.

92.     Comment 4 to Section 9625 makes clear that these minimum statutory damages

are intended to establish a secured party's liability for violations of, *inter alia*, the notice

provisions in consumer goods transactions, and ***do not require any actual damages*** in order for a

consumer to bring a claim for statutory damages. That Comment states in pertinent part:

> **4.   Minimum Damages in Consumer-Goods Transactions.**
> Subsection (c)(2) provides a minimum, statutory, damage recovery
> for a debtor and secondary obligor in a consumer-goods transaction.
> It is patterned on former Section 9507(1) and is designed to ensure
> that every noncompliance with the requirements of Part 6 in a
> consumer-goods transaction results in liability, ***regardless of any***
> ***injury that may have resulted***. Official Comment to §9625(c)(2).

93.     Plaintiffs and Public Auction and Hidden Fees Class Members seek the minimum

statutory damages pursuant to 13 Pa. C.S. §9625(c)(2).

94.     Plaintiffs and the UCC and MVSFA Post-Sale Class Members also seek damages

under Section 9625(e)(5) which provides for $500 in statutory damages for each violation of

Section 9616, per each debtor/co-obligor, separately.

---

[5] Randy and James Langer are Plaintiffs in the Federal Action and class members in this subject action. The
Schumer Box from their retail installment sales contract, Notice of Repossession, and Post-Sale Notice are attached
as exemplars to this Complaint. The Plaintiffs do not have a copy of their respective retail installment sales
contracts, Notices of Repossession, and Post-Sale Notices. Such documents are within the possession of the
Defendant and, therefore, are not attached to this Complaint. These documents will be obtained in discovery.

95.     Statutory damages are not in the nature of the repayment of principal or interest already paid by Plaintiffs and Class Members.

## VI. CLASS ACTION ALLEGATIONS

96.     Plaintiffs bring this action on their own behalf and on behalf of a class designated pursuant to Pa.R.Civ.P. Rule 1701 *et. seq.*

### Class Definitions

97.     Plaintiffs propose to define the first class (hereafter "Public Auction Class") as: All debtors and obligors:

(i)     who entered into a retail instalment sales contract in Pennsylvania for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use;

(ii)    from whom COAF, as secured party, repossessed the Motor Vehicle or ordered it to be repossessed;

(iii)   whose Motor Vehicle was repossessed in Pennsylvania; and,

(iv)    to whom COAF sent a Notice of Repossession during the class period as defined below, which stated that the repossessed vehicle would be sold at a private sale; and,

(v)     whose repossessed Motor Vehicle was offered for sale at Adesa Mercer at its Bank Repo sale, or at any auction at which members of the general public were invited to attend.

98.     Plaintiffs propose to define the second class (hereafter "Hidden Fees Class") as: All debtors and obligors:

(i)     who entered into a retail instalment sales contract in Pennsylvania for the financing of the purchase of a Motor vehicle primarily used for personal, family or household use;

(ii)    from whom COAF, as secured party, repossessed the Motor Vehicle or ordered it to be repossessed;

(iii)   whose Motor Vehicle was repossessed in Pennsylvania; and,

21

      (iv)     to whom COAF sent a Notice of Repossession during the class period as defined below, which stated a redemption amount:

            a.   which included sums as/or expenses which COAF did not actually incur; and/or,

            b.   which failed to include a Redemption Fee, Administrative Fee, and/or Storage Fee.

99.     Plaintiffs propose to define a third class (hereafter "UCC Post-Sale Notice Class")

as: All debtors or obligors:

      (i)     who entered into a retail instalment sales contract in Pennsylvania for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use; and,

      (ii)    from whom COAF, as secured party, repossessed the Motor Vehicle or ordered it to be repossessed; and,

      (iii)   whose Motor Vehicle was sold by COAF or its agent; and:

            a.   to whom COAF sent a Post-Sale Notice which included interest as part of the itemization of "Expenses …" amount in the Post-Sale Notice; or,

            b.   to whom COAF sent a Post-Sale Notice which included a fee, cost, or expense which COAF did not incur; or,

            c.   who were a co-debtor or co-obligor on the vehicle loan and to whom COAF did not send a separate, separately addressed Post-Sale Notice.

100.    Plaintiffs propose to define a fourth class (hereafter "MVSFA Post-Sale Notice

Class") as: All debtors or obligors:

      (i)     who entered into a retail instalment sales contract in Pennsylvania for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use; and,

      (ii)    from whom COAF, as secured party, repossessed the Motor Vehicle or ordered it to be repossessed; and,

      (iii)   whose Motor Vehicle was sold by COAF or its agent; and:

22

(iv)   to whom COAF did not deliver in person or send by registered or certified mail a separate, separately addressed Post-Sale Notice to their last known address.

## Class Periods

101.   For the Hidden Fees Class, UCC Post-Sale Notice Class, and Public Auction Class, the class period runs from October 5, 2010 through the date of class certification.[6] The Applicable Class period for the MVSFA Post-Sale Notice Class is from December 1, 2014 through the date of class certification.

## Class Requirements

102.   The size of each of the classes described in this pleading exceeds 40 people, which makes the classes so numerous that joinder of all members is impractical.

103.   The classes and any trial would be readily manageable as the claims relate to standardized policies and practices and form statutory post-repossession consumer disclosure notices.

104.   There are questions of law and fact common to the class, which predominate. These include but are not limited to the following questions:

(a)   Whether Plaintiffs and the Class obtained Motor Vehicle financing through COAF or had a consumer vehicle instalment sales contract that was assigned to COAF and pledged their vehicle as collateral;

(b)   Whether COAF or its agents repossessed the financed vehicle or ordered it to be repossessed;

(c)   Whether COAF's subject Notice of Repossession violated the UCC, independently and/or the UCC and MVSFA in *pari materia;*

(d)   Whether COAF or its agents, in instances of two debtors/co-obligors, failed to send a separate, separately addressed Post-

---

[6] See footnote 1, *supra.*

23

Sale Notice to each debtor/co-obligor and, if not, whether such was a consistent practice of non-compliance;

(e)     Whether COAF included unincurred expenses or post-repossession interest in the aggregate expenses on the Post-Sale Notices;

(f)     Whether COAF's actions and omissions were commercially unreasonable; and,

(g)     Whether COAF violated its Obligation of Good Faith.

105.    The Representative Plaintiffs' claims are typical of those of the class. All are based on the same factual and legal theories. All class members financed the purchase of vehicles through COAF and pledged their vehicle as collateral or had a consumer vehicle instalment sales contract that was assigned to COAF.

106.    COAF declared a default on all loans of all Plaintiffs and Class Members.

107.    COAF employed standardized, uniform practices which are at issue.

108.    Each Representative Plaintiff's claims are typical of the claims of each class.

109.    Plaintiffs will fairly and adequately represent and protect the interests of the classes.

110.    The Plaintiffs are represented by counsel that is competent and experienced in both consumer protection and class action litigation.

111.    Plaintiffs have no conflict with class members in the maintenance of this action, and their claims are identical to or at least typical of claims of the Class Members insofar as commercially unreasonable conduct by COAF.

112.    A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class Members is impracticable.

113.    This class action represents the fairest and most efficient method of adjudicating this controversy. Because most class members either do not know that their rights have been violated, could not economically justify the effort and expense required to litigate their individual

24

claims or have little interest in or ability to prosecute an individual action due to the complexity of the issues involved in this litigation, a class action is the most practical proceeding in which they can recover.

114.   Plaintiffs and the Class Members have substantive claims that are similar, if not identical, in all material respects and will require proof of the same kind and application of the same law.

115.   COAF has acted or refused to act on grounds generally applicable to the (putative) classes, thereby making appropriate final relief with respect to the Class.

116.   There are no unusual legal or factual issues which would cause case management problems not normally and routinely handled in class actions.

117.   In regard to the Post-Sale Notice Class, each debtor/co-obligor is entitled to $500 for COAF's violations of Section 9616.

118.   Each debtor/obligor in the Public Auction and Hidden Fees Classes is entitled to minimum statutory damages pursuant to §9625(c)(2) on account of COAF's failure to proceed in a commercially reasonable manner (i.e., including expenses which were not actual or incurred by COAF) or for UCC and/or UCC and MVSFA *pari materia* violations as stated herein.

119.   Minimum statutory damages can be calculated with mathematical precision and can be easily determined, *inter alia,* by accessing the electronically stored records of COAF.

120.   Plaintiffs seek no double recovery for damages.

121.   The questions of law and fact common to the class predominate over any questions affecting only individual members.

25

122.     The prosecution of several separate actions by the members of the class would create a risk of inconsistent or varying adjudications. A class action will serve the goals of judicial economy and ensure uniformity of decision.

123.     In many instances, Class Members are unaware that claims exist on their behalf. In other cases, Class Members may have knowledge of their potential claims, but have sustained damages in amounts relatively too modest to justify the expense and effort to hire a lawyer or is required to bring suit separately.

124.     This Court is an appropriate forum, since the Defendant does business in this county.

## VII. CLAIMS

## COUNT 1

### (HIDDEN FEES CLASS AND PUBLIC AUCTION CLASS)

125.     Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

### A.     UCC ONLY

126.     COAF systematically sent Notices of Repossession which misstated the method of intended disposition of the repossessed vehicles, stating that the chattel would be sold at a private sale but actually selling the chattel at a public auction. This was a violation of 13 Pa.C.S. §1304, §9610, 9611, 9613(1)(iii) and, by incorporation, §9614(1)(i).

127.     Furthermore, COAF systematically sent Notices of Repossession that failed to give notice of the Redemption Fee, Administrative Fee, and/or Storage Fee thereby rendering inaccurate the Redemption Amount in the Notices of Repossession, in violation of 13 Pa.C.S. §§1304, 9610, 9611, 9623(b)(2), 9615(a)(1).

26

128.    Further, or in the alternative, COAF systematically included a fees and/or costs which were not actually incurred as part of the amount required to redeem in the Notices of Repossession. These fees or costs, therefore, were not were not bona fide, reasonable "expenses" and, therefore, were not permitted to be assessed.  Accordingly, the Notices of Repossession are in violation of §§9611(b), 9623(b)(2), and 9615(a)(1).

129.    COAF systematically acted in a commercially unreasonable manner in violation of 13 Pa.C.S.A. §9610(b) and failed to comply with its Obligation of Good Faith pursuant to 13 Pa. C.S.A. §1304, in its servicing of the class members' consumer retail installment loans, its attendant duties and statutory obligations relating thereto, including but not limited to the following acts:

a.    Sending Notices of Repossession which misstated the method of disposition (i.e., the type of auction – private v. public), thereby ill-informing its customers that they had the right to attend the public sale and bid at the auction for their repossessed vehicle also in violation of 13 Pa. C.S. §9614;

b.    Failing to ensure that its Notices of Repossession complied with the statutory requirements for secured loans as set forth in the UCC and MVSFA;

c.    Failing to send a separate, separately addressed Post-Sale Notices to every debtor and co-obligor whose vehicle COAF sold;

d.    Failing to send Post-Sale Notices in person or by registered or certified mail to its Pennsylvania borrowers after December 1, 2014 as a matter of course;

e.    Including un-incurred, unnecessary, and/or unreasonable expenses in the Notices of Repossession and/or Post-Sale Notices;

f.    Inaccurately stating the Redemption Amount in Notice of Repossession also in violation of 13 Pa.C.S.A. §9610(b), 9611, 9615(a)(l), 9623(b)(2), 12 Pa. C.S. §6256(2), (3), and (4), the *Pari Materia Precedent*, and COAF's Obligation of Good Faith, 13 Pa.C.S. §1304;

g.    Including interest in the aggregate expenses of the Post-Sale Notice rather than in the aggregate amount due under the loan or alternatively

27

including interest in both the aggregate expenses and the aggregate amount owed under the security interest amounts on the Post-Sale Notice; and/or,

h.  Otherwise acting commercially unreasonably.

## B.  UCC AND MVSFA IN *PARI MATERIA*

130.    The MVSFA, specifically 12 Pa. C.S.A. §6254 and/or 69 P.S. §623(D), sets forth minimum statutory standards which set forth the minimum commercial reasonable standards as described in the UCC.

131.    COAF violated the UCC and MVSFA in *pari materia* and *Pari Materia Precedent* by including un-incurred, unreasonable, and/or unnecessary sums and/or amounts in the redemption amount in the Notices of Repossession, in violation of 12 Pa. C.S. §6256(1), (2), (3), and (4).

132.    COAF's failure to adhere to the UCC and MVSFA in *pari materia* and *Pari Materia Precedent* is also not commercially reasonable in violation of 13 Pa. C.S. §9610(b) and also in violation of COAF's Obligation of Good Faith, 13 Pa. C.S.A. §1304.

## COUNT 2

## (UCC POST-SALE NOTICE CLASS; MVSFA POST-SALE NOTICE CLASS)

133.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

134.    As a matter of pattern and practice of noncompliance, COAF violated the loan servicing requirements of Section 9616 and acted in a commercially unreasonable manner in violation of Section 9610(b) by failing to send a separate, separately addressed Post-Sale Notices to each co-obligor and co-debtor member of the UCC Post-Sale Notice Class.

135.    Also, as a matter of pattern and practice of non-compliance, COAF also violated the UCC and MVSFA *pari materia* requirement via its violation of 9616 and 12 Pa. C.S. §6261(d) and *Pari Materia Precedent* by failing to deliver a Post-Sale Notice in person or send by registered

28

or certified mail to the last known address of the MVSFA Post-Sale Notice Class Members within 30 days after the sale of their repossessed vehicle.

136.    Also as a matter of pattern and practice of non-compliance, COAF violated 13 Pa.C.S. §9616(c), (c)(1), and (c)(4) by either: including accrued interest after the date of repossession as part of the aggregate expenses rather than as part of the aggregate amount of obligations secured by the security interest; or in the alternative included such interest in both the "Aggregate Amount Owed" and the "Expenses" amounts on the Post-Sale Notice, in violation of 13 Pa.C.S. §9616.

137.    As a matter of pattern and practice, COAF also sent Post-Sale Notices which included fees and/or expenses which were unreasonable, un-incurred, inflated, and/or unnecessary fees as part of the purported deficiency balance, the Aggregate Amount Owed and/or "Expenses," in violation of 13 Pa.C.S. §9616(c) and (c)(4).

138.    All of the above-averred actions and omissions were commercially unreasonable and in violation of 13 Pa. C.S. §9610(b) and COAF's Obligation of Good Faith, 13 Pa. C.S. §9610(b).

WHEREFORE, Plaintiffs, individually and on behalf of the Class, request that this Honorable Court:

A.    Certify the requested classes and appoint the undersigned as class counsel;

B.    Award minimum statutory damages as provided by 13 Pa. C.S. §9625(c)(2) to each member of the Hidden Fees Class and Public Auction Class;

C.    Award $500.00 as provide by 13 Pa.C.S. §9616 plus minimum statutory damages as provided by 13 Pa.C.S. §9625(c)(2) to each member of the UCC Post-Sale Notice Class and MVSFA Post-Sale Notice Class;

D.    Grant such other and further relief as may be deemed just and proper.

29

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan
*Attorney for Plaintiffs*

30

# EXHIBIT 1

www.alliednews.com  Allied News, Grove City, Pennsylvania  Wednesday, December 14, 2016  D-3

## Grove City Area Ads

## Mercer County Area Ads

### ADESA Mercer
PUBLIC WELCOME
Friday, December 23, 2016
WWW.ADESAMERCER.COM
CNAC
2007 AZERA  7A174003

## Make Money
Clean out the attic and make money by selling your finds in the classifieds!

We Can Make Your Mem...

EXHIBIT
1



# EXHIBIT 2

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

COLEMAN McCALL, JR.,                  :          January Term, 2006
Individually and on behalf of all others  :
Similarly situated                    :
   v.                  :          No. 00005
                                      :
DRIVE FINANCIAL SERVICES, L.P.        :
and                                   :
DRIVE GP, LLC                         :

## OPINION

Plaintiff brings this class action pursuant to Pennsylvania's Uniform

Commercial Code ("UCC"), 13 Pa C.S. § 9601, et seq., and Pennsylvania's Motor

Vehicle Sales Financing Act ("MVSFA"), 69 P.S. § 601, et seq. The legislature , through

the UCC and the MVSFA, requires secured parties to provide consumers with specific,

detailed notices of repossession and sale. Consumers are entitled by statute to deficiency

notices post sale. Only by receiving a prompt deficiency notice can the consumer know

whether a creditor will claim that the vehicle proceeds do not satisfy the remaining

obligation and that the creditor intends to hold the consumer liable for a deficiency

balance.

Plaintiff Coleman McCall alleges among other things, that Defendants Drive

Financial Services, L.P. and Drive, GP, LLC, have violated state law notice requirements

in connection with motor vehicle repossessions. There is no dispute that Defendants have

utilized uniform procedures, forms and manner of notice with respect to their vehicle

repossessions in the Commonwealth of Pennsylvania.

MccaII Jr Vs Drive Financial Services Lp Ets-ORDOP

EXHIBIT
2

080100005

Defendant Drive Financial Services, L.P. ("Drive") is a Texas based automobile-finance company. When a consumer has defaulted on a loan, Drive repossesses and re-sells the consumer's vehicle that collateralizes the loan. In the course of repossessing vehicles belonging to plaintiff and the potential class, Drive failed both substantively and procedurally to provide plaintiff and the potential class with, among other information, the 15 day notice period required under (1) the UCC, (2) the parties' retail installment contract, and (3) the statute specifically governing repossession practice – the MVSFA.

The UCC requires a creditor to provide "reasonable authenticated notification of disposition" after repossessing a vehicle, 13 Pa. C.S. § 9611. The UCC does not itself define what is "reasonable" but looks to other sources for definition. The MVSFA is the Pennsylvania statute designed to cover repossessions and protect consumers from abuses by allowing a minimum period to cure any default or redeem before sale. *See*, 69 P.S. § 623D. Under the MVSFA, a creditor must provide:

> [a] written "notice of repossession" delivered in person, or sent by registered certified mail directed to the last known address of the buyer. Such notice shall set forth the buyer's right as to reinstatement of the contract, if the holder extends the privilege of reinstatement and redemption of the motor vehicle, shall contain an itemized statement of the total amount required to redeem the motor vehicle by reinstatement or payment of the contract in full, shall give notice to the buyer of the holder's intent to re-sell the motor vehicle at the expiration of fifteen (15) days from the date of mailing such notice, shall disclose the place at which the motor vehicle is stored, and shall designate the name and address of the person to whom the buyer shall make payment, or upon whom he may serve notice. The holder's notice shall also state that any personal property left in the repossessed vehicle will be held for thirty (30) days from the date of the notice's mailing. The personal property may be reclaimed within the thirty (30) day time period. Thereafter the property may be disposed of in the same manner as the motor vehicle and other collateral.

As set forth above, the MVSFA requires that a notice of repossession be sent to the consumer advising the consumer of several items, including 15 days notice of intent

to sell the repossessed vehicle. 69 P.S. §623D. Under 1 Pa. C.S. § 1933, a particular provision of one statute i.e. the MVSFA, controls a general provision of another statute addressing the same topic, i.e. the UCC. Since provisions of the UCC and the MVSFA are read *in pari materia*, plaintiff and the potential class were entitled, inter alia, to at least 15 days notice of the intent to sell the repossessed vehicle, which did not occur. *Industrial Valley Bank & Trust v. Nash,* 502 A.2d 1254, 1263 (Pa. Super. 1985)("On the question of the kind of notice to be given to a debtor by the secured creditor, the MVSFA and the U.C.C. are clearly in *pari materia* since they relate to the identical thing — the sale of a repossessed motor vehicle."); *Coy v. Ford Motor Company,* 618 A.2d 1024, 1026(Pa. Super.1993).

In addition to the MVSFA's statutory requirement of at least 15 days notice of sale, the parties agreed in their finance contract that a borrower whose car is repossessed would have at least 15 days notice to redeem. The finance contract at issue provides at ¶ 12(b) under "some things you should know if we repossess the vehicle":

> You have the right to buy back (redeem) the vehicle within 15 days of the mailing of the Notice and at any later time before we sell the vehicle. If you do not redeem, you give up all claim to the vehicle.

Driver's notice provided only 10 days, despite the contractual and statutory obligation to provide a minimum of 15 days.

Under the MVSFA, Drive was also required to provide plaintiff and the class information both regarding (1) the location of the repossessed vehicle; and (2) that any personal property left in the vehicle would be held for 30 days from the date of mailing the notice so plaintiff and potential members of the class could retrieve the property. 69 P.S. § 623D. Drive, in its form Notice, also failed to provide that information.

If after the sale of the vehicle there is a deficiency balance, a creditor must send a letter explaining the deficiency (referred to herein as "Deficiency Notice") when it first makes written demand for the deficiency, or within 14 days after receipt of a request for an explanation by the consumer. 13 Pa C.S. § 9616. The Deficiency Notice must provide information about the aggregate amount of the obligation secured by the security interest; the proceeds from the sale; the remaining balance after applying the sale proceeds; a breakdown of the expenses incurred in selling the property; any credit to which the consumer is entitled; and the amount of the deficiency claimed. Defendant did not send out Deficiency Notices to plaintiff and the class.

Plaintiff and the potential class are entitled to uniform statutory damages as a result of defendant's failure to comply with the UCC (and the MVSFA). 13 Pa. C.S.A. § 9625(c) provides consumers with a uniform minimum liquidated damages, "regardless of any injury that may have resulted". *See*, Official Comment 4 to 13 Pa. C.S.A. § 9625 9-625(c):

> Persons entitled to recover damages; statutory damages in consumer goods transaction. If the collateral is consumer goods, a person that was a debtor or secondary obligator at the time a secured party failed to comply with this chapter may recover for that failure in any event an amount not less than the credit service charge plus 10% of the principal amount of the obligation or the time price differential plus 10% of the cash price.

This statutory damage provision has routinely been applied as written. *See e.g., Kruse v. Voyager Ins. Co.*, 648 N. E.2d 814 (Ohio 1995).

Separately, the failure to send the deficiency notice provides for a uniform, statutory damage of $500.00. 13 Pa C.S.A. § 9625(e)(5).

## I. Factual Background

In or about September 2002, Mr. McCall obtained an automobile loan from Drive for the purchase of a used Ford automobile. After two years of timely payments, in 2004, Mr. McCall fell behind on his car payments to Drive as a result of a serious family situation and Drive repossessed Mr. McCall's vehicle on February 28, 2005.

On or about March 1, 2005, Drive sent Mr. McCall a "Notice of Plan to Sell Property" in connection with the repossession by Drive of his vehicle. The Notice states that the vehicle would be sold after 10 days, i.e. "at a private sale sometime after 03/11/05", and that McCall would have to pay the sum of $ 8,968.24 to redeem the vehicle. This is the only notice sent to McCall advising of the repossession. Drive's Notice failed to comply with the 15 day notice required under their agreement(s) the UCC; and the MVSFA.

Drive acknowledges that it sent this non-compliant notice to approximately 750 Pennsylvania residents. Drive, through its counsel, has also acknowledged that approximately 1,520 cars belonging to Pennsylvania residents were repossessed during the class period.

If a deficiency remains after the sale of the vehicle, a creditor must send a letter explaining the deficiency ("Deficiency Notice") when it first makes written demand for the deficiency or within 14 days after the receipt of the request for same by the consumer. 13 Pa C.S. § 9616. Drive did not provide a notice explaining any deficiencies claimed due as required under 13 Pa.C.S. § 9616. Drive has provided no evidence that a single deficiency notice was issued to any consumer. Pursuant to 13 Pa. C.S. § 9625(e), each

consumer class member may recover a uniform $500.00 damages as a result of a creditor's failure to provide an explanation of the deficiency, where that failure is part of a pattern or practice of noncompliance. Both of Plaintiff's damages claims are uniform and based upon a statutory formula.

Plaintiff has provided an expert report from Larry Goodman, CPA, who opines that the arithmetic calculation of damages (finance charge plus 10%) would be an easy, straightforward calculation for each class member.

## II. Discussion

In determining whether this action is properly certifiable as a class action, the court is confined to a consideration of the class action allegations and is not concerned with the merits of the controversy. The court's purpose in resolving the motion for class certification is to decide solely whether the action shall continue as a class action or as an action with individual parties only. Pa.R.C.P. § 1707 (Explanatory Note 1977). Accordingly, in resolving the pending motion, the Court cannot make any ruling on Plaintiffs' ultimate recovery against any named defendant nor on the merits of any defense raised. The burden of proving that classification is appropriate falls upon the party seeking certification. D'Amelio v. Blue Cross of Lehigh Valley, 347 Pa. Super. 441, 449, 500 A.2d 1137, 1141 (1985); Janicik v. Prudential Insurance Company of America, 305 Pa. Super. 120, 128, 451 A.2d 451, 454 (1982).

In order for the court to grant class certification, the plaintiff must demonstrate that the requirements set forth in Pa.R.C.P. § 1702 have been satisfied. Rule 1702 sets forth those requirements as follows:

Rule 1702: Prerequisites to a class action.

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if:

    (1) the class is so numerous that joinder of all members is impractical;

    (2) there are questions of law or fact common to the class;

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

    (4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

    (5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

## 1. NUMEROSITY

Drive has acknowledged that approximately 750 Pennsylvania residents received a notice like the one attached to the Complaint. The class size will likely be closer to the number of repossessions, i.e. 1520, during the class period as recently identified by Drive's counsel. Drive's representations in its pleadings establish numerosity for purposes of class certification.

## 2. COMMONALITY

Rule 1702(2) requires that plaintiff's show that "there are questions of law or fact common to the class." Commonality does not require that every question of law or fact be common to every member of the class; rather, the requirement is generally met if the class members' legal grievances arise out of the "same practice or course of conduct" on the part of the class opponent. *Janicik*, 451 A.2d at 457, *accord, Rose v. Shawmut*

*Developmnst Corp.*, 460 Pa. 328, 333 A.2d 751, 753 (1974) (claims arising from form

mortgages generally give rise to common questions).

The common questions in this case are set forth at ¶31 of plaintiff's Complaint.

(a) Whether defendant failed to send the Notice of Repossession

required under the MVSFA as required after repossessing a vehicle;

(b) Whether defendant failed to send the Notice in the form and manner

required under the UCC and MVSFA after repossessing a vehicle;

(c) Whether defendant sent a written explanation of the deficiency

claimed due as required under the UCC; and

(d) The statutory or other damages provided for such misconduct. These

issues are common to each of the 750 or more Pennsylvania

consumers identified by Drive at this juncture, and therefore plaintiff

meets the commonality standard.

**3. TYPICALITY**

Plaintiffs must demonstrate that their claims or defenses are typical of the claims

or defenses of a class. Pa.R.C.P. § 1702(3). In order to satisfy the typicality

requirement, the position of the class representative on the common issues must be

sufficiently aligned with that of the absent class members to insure that the pursuit of the

named plaintiffs' own interest will advance those of the proposed class members.

D'Amelio, Supra, 347 Pa. Super. At 458, 500 A.2d at 457; Ablin, Supra, 291 Pa.Super. at

47, 435 A.2d at 212.

A named plaintiff's claim is considered to be typical if it arises from the same

event or practice or course of conduct that gives rise to the claims of other class

members, and if claims of the named plaintiff emanate from the same legal theory or common allegation as the claims of the class members.

Instantly, the complaint delineates Dive's regular use of an improper form letter: a repossession notice contrary to that mandated by the UCC and MVSFA for consumers who have suffered a repossession, and the ensuing (absent) deficiency notice. The illegality of these form documents will not vary in any significant way among class members – either the forms are illegal or not.

Typicality does not require identical claims and a variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class. *See Bucci v. Cunard Line Ltd.*, 35 D & C 3d 228, 237 (1985). In this case, plaintiff McCall is a Pennsylvania resident who financed a vehicle through Drive, who after repossessing the car, failed to provide the notices required under the UCC, the retail installment contract and the MVSFA, and failed to send a proper deficiency notice. Each class member is in the identical situation. The Complaint alleges no claims that are particular to Mr. McCall such that he would be atypical of or antagonistic to any other class member. Even if Drive argues that each class member owed a deficiency and that it is entitled to a set off, that would only impact the amount of damages to be awarded. *See also Walczak*, 850 N.E. 2d at 371-372 (rejecting claim that deficiency set-offs may be a bar to class treatment).

Additionally, the statutory damage formula is the same for all class members. The formula is a question of simple math, assuming the common liability question is resolved in favor of the class. From Drive's records, one would only need to add the finance charge and principal balance outstanding on each of the finance agreements in the

class to calculate aggregate as well as individual statutory damages. It is well-settled that minor variations in damages do not impair typicality or preclude certification. *See, In Re Comm. Bank of N. Va.*, 418 F.3d 277 at 305-06(3d Cir. 2006). Because the damages formula is uniform for all class members and may be calculated with mathematical certainty, there is no impediment to class certification in this case.

4. **ADEQUACY**

Rule 1702(4) requires that "the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709." This requirement has three elements: (1) whether counsel for the name dplaintiff will adequately represent the interests of the class; and (2) whether the representative parties have a conflict of interest in the maintenance of the class action; and (3) whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed.

Generally, competency of class counsel is presumed. This Court finds that McCall is represented by counsel experienced in consumer class action litigation. Cary L. Flitter and Lundy, Flitter, Beldecos & Berger, P.C. have been approved as competent counsel by this Court in other consumer class actions. Flitter has presented at lectures and CLE's regionally and nationally for over 10 years. Flitter teaches Consumer Credit Litigation at Widener University Law School (adjunct faculty) and is co-author of *Pennsylvania Consumer Law,* Geo. Bisel Publishing Co. Mr. McCall and the class will also be represented by Theodore E. Lorenz of the Lundy, Flitter firm. Mr. Lorenz has significant trial experience and has been previously named class co-counsel in consumer matters in federal court.

The class is also represented by Michael D. Donovan, a principal in the firm of Donovan Searles, LLC. Mr. Donovan has extensive experience representing investors, consumers, and small businesses in class actions, shareholder rights, consumer and commercial litigation. Donovan has been previously named class counsel by this Court and by other courts in this and other federal districts.

Plaintiff McCall will fairly and adequately represent the class. Plaintiff McCall sits in virtually the same position as the putative class members who, like him, were not provided with the notices required under the UCC and the MVSFA. There is nothing to suggest that McCall may have any interest antagonistic to the vigorous pursuit of the class claims against Drive.

The Court has been made aware that some 15 years ago, that McCall was arrested and convicted of robbing a convenience store in Bucks County. He served 5 years in jail and was released in September 1996. According to counsel, Mr. McCall is not on parole and does not have to see a parole officer or anyone related to the conviction, which is now more than a decade in his past. He has not had any further convictions other than this singular criminal episode dating to 1991. This old offense has no bearing on this prong of class certification. *See Haywood v. Barnes*, 109 F.R.D. 568, 579(E.D.N.C. 1986). Mr. McCall is an adequate class representative, knowledgeable and interested to bring this case on behalf of himself and the other members of the putative class.

Furthermore, Plaintiff also sued Drive under the federal Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. *McCall v. Drive Financial Services*, U.S.D.C. E.D. Pa No. 05-cv-2463(AB). In opposition to the federal action, Drive argued extensively that Mr. McCall's old conviction somehow rendered him inadequate to serve as class

representative. The federal court rejected Drive's argument, finding the conviction both old and entirely unrelated to any aspect of the case. *McCall v. Drive Financial Services*, 236 F.R.D. 246 (E.D. Pa. 2006).

Finally, the named plaintiff has adequate financial resources. Pa.R.C.P. 1709(3). Class counsel are advancing their time and the litigation costs, as they are permitted to do. Therefore, the adequacy prong is met.

## 5. Fair and Efficient Method for Adjudication of the Controversy

Pa.R.C.P. § 1702(5) requires that the Court find that a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Pa.R.C.P. 1708 as a prerequisite to class certification. The factors set forth in Pa.R.C.P 1708 to be considered in deciding whether or not a class action is a fair efficient method of adjudication include, in relevant part, "whether common questions of law or fact predominate over any question effecting only individual members" (Pa.R.C.P 1708(a)(1); the size of the class and the difficulties likely to be encountered in the management of the action as a class action (Pa.R.C.P. 1708(a)(2)); and whether the claims of individual class members are insufficient in amount to support separate actions (Pa.R.C.P. 1708(a)(7)).

In determining fairness and efficiency, a court is required to balance the interests of the litigants, including putative class members, and the interests of the court system, with the court being mindful that the class action is inherently a procedural device designed to promote efficiency and fairness in handling large numbers of similar claims. *Lillian v. Commonwealth*, 467 Pa. 15, 21, 354 A 2d 250, 253 (1976).

Pursuant to Rule 1708 (c), "[w]here both monetary and other relief is sought, the court shall consider the criteria all the criteria in both subdivisions (a) and (b) of the Rule.

Class cases challenging improper repossession and deficiency notices under the UCC's remedy provision have been regularly certified by sister state courts. *Walczak*, 850 N.E.2d at, 366-372 (affirming certification of class of motor vehicle buyers in action against finance company with respect to repossession and deficiency misconduct); *Middleton v. Sunstar Acceptance Corp.*, 2000 WL 33385388, *3-*8 (S.C. Com. Pl. Jan. 13, 2000)(certifying class of motor vehicle buyers alleging that financing companies repossession form violated the UCC); *Chisolm v. Transouth Financial Corp.*, 194 F.R.D. 538, 557-569 (E.D. Va. 2000)(certifying class and subclasses against financing company for violation of UCC notice requirements in alleged car churning scheme); *Patrick v. Wix Auto Co.*, 681 N.E.2d 98, 102 (Ill. App. 1st Dist. 1997)(holding that repossession notice utilized by financing company violated state law).

Here, common questions predominate throughout the class as a result of Drive's failure to provide both the repossession and deficiency notices required under the UCC ans the MVSFA. *See* Rule 1708(a)(1). The predominance standard is "closely akin to" the commonality requirement of Rule 1702(2) discussed above, which is clearly satisfied in the matter. *Janicik* at 461.

There is no basis to conclude that any difficulties would be encountered with the management of this matter on a class action basis. Rule 1709(a)(2). The class consists of between 750 and 1520 Pennsylvania consumers and involves Drive's failure to provide the notices required under the UCC and the MVSFA in connection with Drive's repossession of vehicles belonging to plaintiff and the class. Drive's business is highly computerized and as such, Drive should be able to readily access information relating to plaintiff and the class; *compare Janicik* at 462 ("...the names, addresses and insurance

records of all potential class members were centrally stored by [defendant]. Consequently, management problems unique to the class porceedure would not be unduly burdensome…").

This forum is particularly appropriate in which to address the claims of the plaintiff and the putative class. *See* Rule 1708(a)(3),(5),(6), and (7). The cost of proceeding on an individual basis would not be practical or economical given the potential size of individual awards and members of the putative class will benefit by proceeding on a class basis.

In addition to monetary relief, Plaintiff also seeks declaratory relief in this action. Declaratory relief is appropriate in this case since Drive has acted or refused to act, or failed to perform a legal duty, on grounds generally applicable to all class members. *See* Rule 1708 (b)(2). The defendant's conduct does not, however, have to be directed at or damaging to each member of the class to justify declaratory relief. *Willams v. Empire Funding*, 183 FRD at 435-37.

Declaratory relief is also appropriate because Drive's repossession and deficiency procedures fail to comply with Pennsylvania law. As Plaintiff asserts in his Motion, "the public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form." *Lake v. First Nationwide Bank*, 156 F.R.D. at 626; *accord Baldassari*, 808 A.2d at 195.

## II. CONCLUSION

Plaintiff has shown that each of the requirements for class certification set forth in Rule 1702 are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) plaintiff's

claims are typical of those of the class members; (4) plaintiff is ans adequate

representative of the class; and (5) the class action provides a fair and efficient method

for adjudication of the controversy.  Plaintiff has shown that the criteria of Rule 1708 are

satisfied.

The Court therefore grants Plaintiff class certification.

BY THE COURT:

Gary F. Di Vito,                     J.

COPIES SENT
PURSUANT TO Pa.R.C.P. 236(b)

APR 1 4 2009

FIRST JUDICIAL DISTRICT OF PA
USER I.D.

# EXHIBIT 3

9/11/2018         https://web.archive.org/web/20150818115153/http://www.adesamercer.com/

| http://www.adesamercer.com/ | Go | JUL **AUG** JAN |
|---|---|---|
| **11 captures** | | ◀ **18** ▶ |
| 18 Aug 2015 - 16 Apr 2018 | | 2014 **2015** 2016 |



# *ADESA Mercer Auto Auction*

Hours:

Monday-Wednesday & Friday 9:00am - 5:00pm Thursday 9:00am to 8:00pm

Guard on Premise 24/7 (during holidays make sure of Lot hours prior)

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the Bank Repo sales that are open to the public. Bank Repo sales are weekly and units run in Lane H at 9:00am. See further down for a list of the Fleet/Lease Repo unit running in the current sale.

Sales are Friday morning. Please call for details.

\*\*\*\*\*\*\*\*\*\*

## Call early for reservations! Airport pickup available!

### Phone (724) 662-4500

### Fax (724) 662-2840

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### (Dealers only)



EXHIBIT
3

9/11/2018                          https://web.archive.org/web/20150818115153/http://www.adesamercer.com/



** Report is available morning after the sale ** up to 6 weeks history is kept on line

** pull by a general search or get a very specific search ** pull from more than 1 ADESA auction at a time

** More detail than on the printed report

### *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PIADA TITLE OFFICE

### *PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT. STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to* delores.stone@adesa.com *or* crystal.mcintire@adesa.com

*Title office hours Monday-Thursday 9:30am to 4:00pm*

*Friday 8:00am – 4:00 pm*

*(Closed 12:30 to 1:00pm for lunch)*

*Commonwealth of PA **NEW** Fees as of April 1, 2014*

*PA Title fee $50.00, Recording of Lien $23.00, ADESA service fee $10.00*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Lane Schedule

**Lane A - Dealer Express (Any Year) – 9:45am**

**Lane B - Dealer Express (Any Year) – 9:45am**

**Lane C - Dealer Express (Any Year) – - 9:30am**

**Lane D - Dealer Express (Any Year) - 9:30am**

**Lane E – Dealer Express (Any Year) - 9:15am**

**Lane F - Dealer Express (Any Year) – Starts with Inops at appx 8:45am**

9/11/2018                    https://web.archive.org/web/20150818115153/http://www.adesamercer.com/



**(Start times may be adjusted)**

\*\*\*\*\*\*\*\*\*\*

## \*\* *Upcoming Sale Dates* \*\*

# August 21st - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# August 28th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# September 4th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# September 11th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

\*\*\*\*\*\*\*\*\*\*

# Heavy Duty Truck Sale

## Tuesday ~ August 11, 2015

## *Dealers - can't make it to the sale?*

## *Bid on LiveBlock!!*

## Go to [http://www.adesa.com/](http://www.adesa.com/) for dealer logon or registration.

9/11/2018     https://web.archive.org/web/20150818115153/http://www.adesamercer.com/



Send inquiries on the Heavy Duty Truck Sale to: **mark.carr@adesa.com** or
**Sharon.white@adesa.com**

Also be sure to visit: **WWW.ADESARIGS.COM** for inventory preview for the Heavy Duty Truck Sale.

(Heavy Duty Truck Sale is open to the public - call for more information)

(Must be a registered dealer to purchase via LiveBlock)

~~~~~~~~~

A current listing of the units registered for the next sale can be found on
our corporate web page. The list is updated as units are registered. Visit
**www.adesa.com** (dealers only).

Get your units here early in the week so they can be
listed!

\*\*\*\*\*\*\*\*\*\*\*

# *Public Buyers:*

*Bank Repo Units are offered weekly in Lane H (lot R) at 9:00am.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and
gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back
when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*\*

## *ADESA Mercer: BANK REPO SALE*



9/11/2018                     https://web.archive.org/web/20150818115153/http://www.adesamercer.com/

http://www.adesamercer.com/                              Go    JUL  AUG  JAN
11 captures                                                    ◄ 18 ►
18 Aug 2015 - 16 Apr 2018                                      2014  2015  2016

*Reminder Public buyers may bid on* **Designated Repo Units Only (Lot "R")**

*Units open to the public will have a Buyer Warranty Guide in the window*

**(Dealers be sure to check out www.adesa.com for what other units are registered so far**
**~ updated as units are registered)**

*List is posted mid week for current weeks sale - and is subject to change*

**************

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at sharon.white@adesa.com*

*or call our office at 724-662-4500.*

**************

Visit our corporate Home page at www.adesa.com and check out some other ADESA auctions within your area.

Send general inquires to admin@adesamercer.com

*Last Update August 17, 2015*

# EXHIBIT 4





# *ADESA Mercer Auto Auction*

**Hours:**

**Monday-Wednesday & Friday 9:00am - 5:00pm Thursday 9:00am to 8:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the
Bank Repo sales that are open to the public. Bank Repo
sales are weekly and units run in Lane H at 9:00am. See
further down for a list of the Fleet/Lease Repo unit
running in the current sale.

Sales are Friday morning. Please call for details.


\*\*\*\*\*\*\*\*\*\*\*

# Call early for reservations! Airport pickup available!

**Phone (724) 662-4500**

**Fax (724) 662-2840**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*





http://adesamercer.com/    (Dealers only) Go   AUG  JAN  MAR

11 captures
18 Aug 2015 - 16 Apr 2018

◀ 10 ▶

2015  2016  2017

About this capture

The Market Report is available on line

Go to www.adesa.com and sign in or register.

** Report is available morning after the sale ** up to 6 weeks history is kept on line

** pull by a general search or get a very specific search ** pull from more than 1 ADESA auction at a time

** More detail than on the printed report

*Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PIADA TITLE OFFICE

## *PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT. STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to* delores.stone@adesa.com *or* crystal.mcintire@adesa.com

*Title office hours Monday-Thursday 9:30am to 4:00pm*

*Friday 8:00am – 4:00 pm*

*(Closed 12:30 to 1:00pm for lunch)*

*Commonwealth of PA Fees*

*PA Title fee $51.00, Recording of Lien $24.00, ADESA service fee $10.00*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Lane Schedule

**Lane A - Dealer Express (Any Year) – 9:45am**

Case 2:19-cv-00098-MRH   Document 4-4   Filed 01/29/19   Page 61 of 102
Case 2:16-cv-00130-MRH   Document 68   Filed 01/02/19   Page 60 of 101

Page 3 of 6



http://adesamercer.com/ **Lane B - Dealer Express (Any Year)** AUG 9:45am MAR

**11 captures**
18 Aug 2015 - 16 Apr 2018

**Lane C - Dealer Express (Any Year) – 9:30am**  2015 **10** 2017
2016

**Lane D - Dealer Express (Any Year) - 9:30am**

**Lane E – Dealer Express (Any Year) - 9:15am**

**Lane F - Dealer Express (Any Year) – Starts with Inops at appx 8:45am**

**Lane G – Dealer Express (Any Year) - 9:00am**

**Lane H – Fleet/Lease & Repos – 9:00am**

**(Start times may be adjusted)**

**\*\*\*\*\*\*\*\*\*\*\***

## \*\* *Upcoming Sale Dates* \*\*

*Happy New Year!  Office will be closed 12/31 at noon till Monday 1/4*

# January 8th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# January 15th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# January 22nd - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# January 29th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

**\*\*\*\*\*\*\*\*\*\***

# Heavy Duty Truck Sale

Case 2:19-cv-00098-MRH Document 64 Filed 01/29/19 Page 62 of 102
Case 2:16-cv-00230-MRH Document 68 Filed 01/02/19 Page 62 of 102

Page 4 of 6



http://adesamercer.com

11 captures
18 Aug 2015 - 16 Apr 2018

Go
AUG JAN MAR
2015 **2016** 2017
About this capture

**Tuesday ~ January 19, 2015**

## *Dealers - can't make it to the sale?*

# *Bid on LiveBlock!!*

## Go to **http://www.adesa.com/** for dealer logon or registration.

### *(Please be sure you've got your user id and password before sale time.)*

Send inquiries on the Heavy Duty Truck Sale to: **mark.carr@adesa.com** or **Sharon.white@adesa.com**

Also be sure to visit: **WWW.ADESARIGS.COM** for inventory preview for the Heavy Duty Truck Sale.

(Heavy Duty Truck Sale is open to the public - call for more information)

(Must be a registered dealer to purchase via LiveBlock)

~~~~~~~~~

A current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **www.adesa.com** (dealers only).

## Get your units here early in the week so they can be listed!

\*\*\*\*\*\*\*\*\*\*

# *Public Buyers:*

### *Bank Repo Units are offered weekly in Lane H (lot HR) at 9:00am.*

Case 2:16-cv-00130-MRH Document 63-4 Filed 01/24/19 Page 63 of 101

*...only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*

# *ADESA Mercer: BANK REPO SALE*

# *January 8, 2015*

*Reminder* Public buyers *may bid on* **Designated Repo Units Only**
*(*Lot "HR")

*Units open to the public will have a Buyer Warranty Guide in the window*

**(Dealers make sure to check out www.adesa.com for what other units are registered so far**
**~ updated as units are registered)**

*(If list isn't posted Wed afternoon – please call the auction to have Repo list emailed to you.)*

*List is posted mid week for current weeks sale - and is subject to change*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at* sharon.white@adesa.com

*or call our office at 724-662-4500.*



**Visit our corporate Home page at** www.adesa.com **and check out**

## some other ADESA auctions within your area.

**Send general inquires to admin@adesamercer.com**

*Last Update December 30, 2015*

# EXHIBIT 5

Case 2:19-cv-00098-MRH   Document 64   Filed 01/29/19   Page 66 of 102
Case 2:16-cv-00130-MRH   Document 68   Filed 01/02/19   Page 66 of 102

Page 1 of 6





# *ADESA Mercer Auto Auction*

**Hours:**

**Monday-Wednesday & Friday 9:00am - 5:00pm Thursday 9:00am to 8:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the
Bank Repo sales that are open to the public. Bank Repo
sales are weekly and units run in Lane H at 9:00am. See
further down for a list of the Fleet/Lease Repo unit
running in the current sale.

Sales are Friday morning. Please call for details.

\*\*\*\*\*\*\*\*\*\*\*

# Call early for reservations! Airport pickup available!

**Phone (724) 662-4500**

**Fax (724) 662-2840**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EXHIBIT

5

tabbies



JAN **MAR** MAY

◀ **14** ▶

2015 2016 2017

(Dealers only)

The Market Report is available on line!

Go to [www.adesa.com](http://www.adesa.com) and sign in or register.

** Report is available morning after the sale ** up to 6 weeks history is kept on line

** pull by a general search or get a very specific search ** pull from more than 1 ADESA auction at a time

** More detail than on the printed report

### *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

***************

## <u>PIADA TITLE OFFICE</u>

### *<u>PA DEALERS</u> WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT. STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to* [delores.stone@adesa.com](mailto:delores.stone@adesa.com) *or* [crystal.mcintire@adesa.com](mailto:crystal.mcintire@adesa.com)

*Title office hours Monday-Thursday 9:30am to 4:00pm*

*Friday 8:00am – 4:00 pm*

*(Closed 12:30 to 1:00pm for lunch)*

*Commonwealth of PA Fees*

*PA Title fee $51.00, Recording of Lien $24.00, ADESA service fee $10.00*

*********************

## <u>Lane Schedule</u>

### Lane A - Dealer Express (Any Year) – 9:45am

Case 2:19-cv-00098-MRH Document 64 Filed 01/29/19 Page 68 of 102
Case 2:16-cv-00130-MRH Document 63 Filed 01/02/19 Page 68 of 102

Page 3 of 6

http://adesamercer.com/ Lane B - Dealer Express (Any Year) — 9:45am

11 captures
18 Aug 2015 - 16 Apr 2018

Lane C - Dealer Express (Any Year) — 9:30am

Lane D - Dealer Express (Any Year) - 9:30am

Lane E – Dealer Express (Any Year) - 9:15am

Lane F - Dealer Express (Any Year) – Starts with Inops at appx 8:45am

Lane G – Dealer Express (Any Year) - 9:00am

Lane H – Fleet/Lease & Repos – 9:00am

(Start times may be adjusted)

\*\*\*\*\*\*\*\*\*\*\*

## \*\* *Upcoming Sale Dates* \*\*

# March 11th - Dealer Consignment Sale

### Public Sale - Fleet Lease/Bank Repo - Running in Lane H

# March 18th - Dealer Consignment Sale

### Public Sale - Fleet Lease/Bank Repo - Running in Lane H

# March 25th - Dealer Consignment Sale

### Public Sale - Fleet Lease/Bank Repo - Running in Lane H

# April 1st - Dealer Consignment Sale

### Public Sale - Fleet Lease/Bank Repo - Running in Lane H

\*\*\*\*\*\*\*\*\*\*

# Heavy Duty Truck Sale

## Tuesday ~ March 15, 2016



*Dealers – can't make it to the sale?*

*Bid on LiveBlock!!*

# Go to [http://www.adesa.com/](http://www.adesa.com/) for dealer logon or registration.

*(Please be sure you've got your user id and password before sale time.)*

**Send inquiries on the Heavy Duty Truck Sale to: mark.carr@adesa.com or Sharon.white@adesa.com**

**Also be sure to visit: WWW.ADESARIGS.COM for inventory preview for the Heavy Duty Truck Sale.**

**(Heavy Duty Truck Sale is open to the public - call for more information)**

**(Must be a registered dealer to purchase via LiveBlock)**

~~~~~~~~~

A current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **www.adesa.com** (dealers only).

Get your units here early in the week so they can be listed!

\*\*\*\*\*\*\*\*\*\*\*

# *Public Buyers:*

***Bank Repo Units are offered weekly in Lane H (lot HR) at 9:00am.***

***Only the Repo portion of this sale is open to the public.***



11 captures
18 Aug 2015 - 16 Apr 2018

*Units may only be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

**Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.**

**Units must be paid for with Cash or Cashier's Check.**

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*\*

# ADESA Mercer: BANK REPO SALE

# March 11, 2016

*Reminder* Public buyers *may bid on* **Designated Repo Units Only** *(*Lot **"HR"**)

*Units open to the public will have a Buyer Warranty Guide in the window*

**(Dealers make sure to check out www.adesa.com for what other units are registered so far ~ updated as units are registered).**

| Lot | # | Year | Make | Model Body Doors Color | Odom |
|-----|-----|------|------|------------------------|------|
| HR | 12 | 2005 | JEEP | LIBERTY SPRT 4DR 4X4 4D Blue | 156399 |
| HR | 13 | 2011 | RAM | 1500 BIG HORN 4X4 QUAD CAB 140.5" 4D Grey | 99386 |
| HR | 14 | 2008 | CHEV | HHR LT FWD 4DR 4D Orange | 123433 |

*List is posted mid week for current weeks sale - and is subject to change*

*(If list isn't posted Wed afternoon -- please call the auction to have Repo list emailed to you.)*

\*\*\*\*\*\*\*\*\*\*\*\*\*

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at* sharon.white@adesa.com

*or call our office at 724-662-4500.*



**Visit our corporate Home page at** www.adesa.com **and check out**
some other ADESA auctions within your area.

Send general inquires to **admin@adesamercer.com**

*Last Update March 9, 2016*

# EXHIBIT 6

9/11/2018                    https://web.archive.org/web/20160522184310/http://adesamercer.com:80/



# *ADESA Mercer Auto Auction*

Hours:

Monday-Wednesday & Friday 9:00am - 5:00pm Thursday 9:00am to 8:00pm

Guard on Premise 24/7 (during holidays make sure of Lot hours prior)

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the Bank Repo sales that are open to the public. Bank Repo sales are weekly and units run in Lane H at 9:00am. See further down for a list of the Fleet/Lease Repo unit running in the current sale.

Sales are Friday morning. Please call for details.

\*\*\*\*\*\*\*\*\*\*\*

## Call early for reservations! Airport pickup available!

### Phone (724) 662-4500

### Fax (724) 662-2840

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(Dealers only)

## The Market Report is available on line!

Go to www.adesa.com and sign in or register.

\*\* Report is available morning after the sale \*\* up to 6 weeks history is kept on line

\*\* pull by a general search or get a very specific search \*\* pull from more than 1 ADESA auction at a time

\*\* More detail than on the printed report

*Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PIADA TITLE OFFICE

### *PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT. STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to delores.stone@adesa.com or crystal.mcintire@adesa.com*

*Title office hours Monday-Thursday 9:30am to 4:00pm*

*Friday 8:00am – 4:00 pm*

*(Closed 12:30 to 1:00pm for lunch)*

*Commonwealth of PA Fees*



http://adesamercer.com:80/                                                    Go   MAR **MAY** OCT        ⊕
11 captures                                                                        ◀ **22** ▶
18 Aug 2015 - 16 Apr 2018                                                          2015 **2016** 2017

## Lane Schedule

Lane A - Dealer Express (Any Year) – 9:45am

Lane B - Dealer Express (Any Year) – 9:45am

Lane C - Dealer Express (Any Year) – - 9:30am

Lane D - Dealer Express (Any Year) - 9:30am

Lane E – Dealer Express (Any Year) - 9:15am

Lane F - Dealer Express (Any Year) – Starts with Inops at appx 8:45am

Lane G – Dealer Express (Any Year) - 9:00am

Lane H – Fleet/Lease & Repos – 9:00am

(Start times may be adjusted)

\*\*\*\*\*\*\*\*\*\*\*

## \*\* *Upcoming Sale Dates* \*\*

## May 20th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

## May 27th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

## June 3rd - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

## June 10th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

\*\*\*\*\*\*\*\*\*\*

# Heavy Duty Truck Sale

## Tuesday ~ May 17, 2016

## *Dealers - can't make it to the sale?*

## *Bid on LiveBlock!!*

### Go to http://www.adesa.com/ for dealer logon or registration.

*(Please be sure you've got your user id and password before sale time.)*

Send inquiries on the Heavy Duty Truck Sale to: mark.carr@adesa.com or Sharon.white@adesa.com

Also be sure to visit: WWW.ADESARIGS.COM for inventory preview for the Heavy Duty Truck Sale.

(Heavy Duty Truck Sale is open to the public - call for more information)

(Must be a registered dealer to purchase via LiveBlock)

~ ~ ~ ~ ~ ~ ~ ~ ~

9/11/2018 https://web.archive.org/web/20160522184310/http://adesamercer.:80/



Get your units here early in the week so they can be listed!

\*\*\*\*\*\*\*\*\*\*\*

## Public Buyers:

*Bank Repo Units are offered weekly in Lane H (lot HR) at 9:00am.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*\*

## ADESA Mercer: BANK REPO SALE

## May 20, 2016

*Reminder Public buyers may bid on Designated Repo Units Only (Lot "HR")*

*Units open to the public will have a Buyer Warranty Guide in the window*

**(Dealers make sure to check out www.adesa.com for what other units are registered so far ~ updated as units are registered).**

| Lot | # | Year | Make | Model Body Doors Color | Odom | | | | | | | |
|-----|---|------|------|------------------------|------|----|----|------|---------|---------------------------------------|
| HR | 1 | 2014 | CHRYS | 300 4DR SDN AWD 4D White | 34484 | HR | 52 | 2011 | NISSAN | FRONTIER S 2WD CREW CAB SWB AUT 4D Whit |
| HR | 2 | 2014 | HYUNDAI | SONATA 2.4L LTD 4DR SDN 2.4L AUTO 4D White |  | HR | 53 | 2012 | HYUNDAI |  |
| HR | 3 | 2011 | GMC | ACADIA SL FWD 4DR 4D Grey | 61397 | HR | 54 | 2012 | TOYOTA | COROLLA S 4DR SDN AUTO (NATL) 4D Red |
| HR | 4 | 2012 | HONDA | CIVIC SDN EX 4DR AUTO 4D Maroon | 55764 | HR | 55 | 2013 | HYUNDAI | ELANTRA GLS 4DR SDN AUTO 4D Black |
| HR | 5 | 2013 | HYUNDAI | SANTA FE SPRT FWD 4DR 4D Black | 76459 | HR | 56 | 2008 | LINC | MKZ 4DR SDN AWD 4D Grey |
| HR | 6 | 2010 | FORD | ESCAPE LTD 4X4 4DR 4D Black | 76697 | HR | 57 | 2012 | KIA | OPTIMA LX 4DR SDN 2.4L AUTO 4D White |
| HR | 7 | 2015 | NISSAN | ALTIMA 2.5 S 4DR SDN I4 4D Black | 46162 | HR | 58 | 2009 | HONDA | ACCORD SDN EX 4DR V6 AUTO 4D Gold |
| HR | 8 | 2014 | FORD | FOCUS SE 4DR SDN 4D Red | 78835 | HR | 59 | 2012 | FORD | ESCAPE XLT 4X4 4DR 4D Black |
| HR | 9 | 2013 | HYUNDAI | ELANTRA GLS 4DR SDN AUTO 4D Brown | 37960 | HR | 60 | 2009 | CHRYS | TWN&CNTRY LX 4DR WGN 4D Silver |
| HR | 10 | 2014 | JEEP | PATRIOT LATITUDE 4X4 4DR 4D Maroon | 56815 | HR | 61 | 2008 | CHEV | IMPALA LT 4DR SDN 3.5L 4D Gold |
| HR | 11 | 2014 | CHEV | MALIBU LT 4DR SDN 4D White | 25031 | HR | 62 | 2010 | HYUNDAI | ELANTRA GLS 4DR SDN AUTO 4D Black |
| HR | 12 | 2014 | CHEV | CRUZE LS 4DR SDN 4D Black | 16254 | HR | 63 | 2010 | MAZDA | MAZDA3 I TRING 4DR SDN AUTO 4D Grey |
| HR | 13 | 2014 | NISSAN | VERSA SV 4DR SDN CVT 1.6 4D Silver | 48813 | HR | 64 | 2012 | FORD | FOCUS SE 4DR SDN 4D Black |
| HR | 14 | 2016 | KIA | FORTE LX 4DR SDN AUTO 4D Red | 4157 | HR | 65 | 2010 | JEEP | PATRIOT SPRT 4X4 4DR *LTD AVAIL* 4D Silver |
| HR | 16 | 2011 | NISSAN | JUKE SV 5DR WGN I4 CVT AWD 4D Grey | 119018 | HR | 66 | 2010 | DODGE | CHARGER R/T 4DR SDN RWD *LTD AVA 4D Whit |
| HR | 17 | 2010 | SCION | TC 2DR HB AUTO (NATL) 2D Blue | 77756 | HR | 68 | 2007 | HONDA | CR-V EX 4X4 5DR 4D Silver |
| HR | 19 | 2007 | CHEV | EQUINOX LT AWD 4DR 4D White | 88086 | HR | 69 | 2007 | MAZDA | MAZDA5 GRAND TRING 4DR WGN AUTO 4D Bla |
| HR | 20 | 2007 | HYUNDAI | SANTA FE LTD AWD 4DR LTD AV 4D White | 92964 | HR | 70 | 2011 | CHEV | MALIBU LS W/1LS 4DR SDN 4D Blue |
| HR | 21 | 2005 | CHEV | TAHOE LS 4DR 1500 4D Gold | 75675 | HR | 71 | 2008 | MAZDA | MAZDA5 TRING 4DR WGN AUTO 4D Silver |
| HR | 22 | 2008 | JEEP | WRANGLER X 4X4 2DR 2D Red | 106480 | HR | 72 | 2008 | FORD | FUSION SEL 4DR SDN I4 FWD 4D Black |
| HR | 23 | 2009 | SUBARU | IMPREZA SDN WRX 4DR MAN 4D Black | 65896 | HR | 73 | 2011 | CHEV | MALIBU LS W/1LS 4DR SDN 4D Brown |
| HR | 24 | 2013 | DODGE | DART SXT 4DR SDN 4D Silver | 44920 | HR | 74 | 2004 | DODGE | RAM 1500 SLT 4DR QUAD CAB 140.5" 4D Orang |
| HR | 25 | 2007 | MERC | MILAN PREMIER 4DR SDN I4 FWD 4D White | 68095 | HR | 75 | 2010 | JEEP | WRANGLER SPRT 4X4 2DR 2D Black |
| HR | 26 | 2005 | BUICK | LESABRE CUSTOM 4DR SDN 4D Silver | 108836 | HR | 76 | 2011 | CHEV | TRAVERSE LT W/1LT AWD 4DR 4D White |
| HR | 27 | 2011 | NISSAN | SENTRA 2.0 SL 4DR SDN I4 CVT 4D Silver | 48451 | HR | 77 | 2008 | FORD | ESCAPE XLT 4X4 4DR V6 AUTO 4D Red |
| HR | 28 | 2015 | SUBARU | FORESTER 2.5I PREMIUM 4DR 4D Black | 16730 | HR | 78 | 2011 | HYUNDAI | SONATA SE 4DR SDN 2.0L AUTO *L 4D Red |
| HR | 29 | 2008 | HONDA | ACCORD SDN EX 4DR V6 AUTO 4D Green | 113005 | HR | 79 | 2007 | JEEP | COMMANDER SPRT 4X4 4DR 4D Maroon |
| HR | 30 | 2004 | VW | TOUAREG 4DR V8 4D Maroon | 91494 | HR | 80 | 2007 | GMC | ACADIA SLT AWD 4DR 4D Grey |
| HR | 31 | 2010 | HYUNDAI | SONATA LTD 4DR SDN I4 AUTO 4D Blue | 92088 | HR | 81 | 2011 | TOYOTA | RAV4 LTD 4X4 4DR 4-CYL 4-SPD 4D Silver |
| HR | 32 | 2013 | HYUNDAI | ELANTRA GLS 4DR SDN AUTO 4D Black | 26673 | HR | 82 | 2011 | CHEV | EQUINOX LT W/1LT AWD 4DR 4D Beige |
| HR | 33 | 2007 | CHEV | IMPALA 3.9L LT 4DR SDN 4D White | 54597 | HR | 83 | 2008 | ACURA | RDX TECH PKG 4X4 4DR 4D Black |

https://web.archive.org/web/20160522184310/http://adesamercer.com:80/



| HR | 37 | 2011 | CHEV | IMPALA LS FLEET 4DR SDN 4D Black | 109419 | HR | 87 | 2006 | NISSAN | MAXIMA 3.5 SE 4DR SDN V6 AUTO 4D Gold |
| HR | 38 | 2008 | JEEP | LIBERTY SPRT 4X4 4DR 4D Red | 113717 | HR | 88 | 2009 | DODGE | JOURNEY SXT AWD 4DR 4D Gold |
| HR | 39 | 2011 | VW | JETTA SPRTWAGEN TDI 4DR DSG 4D Black | 61337 | HR | 89 | 2013 | CHEV | SONIC LS 5DR HB 4D Black |
| HR | 40 | 2013 | DODGE | DART SXT 4DR SDN 4D Silver | 62884 | HR | 90 | 2010 | FORD | FUSION SE 4DR SDN FWD 4D Silver |
| HR | 41 | 2010 | FORD | F-150 XLT 4X4 S/CREW 145" 4D Grey | 105740 | HR | 91 | 2005 | FORD | F-150 STX S/CAB 133" 4X4 2D Brown |
| HR | 42 | 2012 | GMC | SIERRA 2500HD SLT 4X4 XCAB 144.2" 2D Silver | 61575 | HR | 92 | 2010 | CHEV | COBALT LT W/2LT 4DR SDN 4D Red |
| HR | 43 | 2013 | CHEV | IMPALA LT 4DR SDN 4D Red | 72436 | HR | 93 | 2008 | SATURN | OUTLOOK XE FWD 4DR 4D Purple |
| HR | 44 | 2011 | TOYOTA | COROLLA LE 4DR SDN AUTO (NATL) 4D Silver | 109387 | HR | 94 | 2006 | CHRYS | SEBRING SDN TRING 4DR 4D Red |
| HR | 45 | 2013 | HYUNDAI | ELANTRA LTD 4DR SDN AUTO 4D Red | 30195 | HR | 95 | 2007 | NISSAN | ALTIMA 2.5 S 4DR SDN I4 CVT 4D Grey |
| HR | 46 | 2011 | KIA | SEDONA LX 4DR LWB 4D Blue | 43580 | HR | 96 | 2010 | CHEV | MALIBU LT W/1LT 4DR SDN 4D Silver |
| HR | 47 | 2007 | CHEV | IMPALA 3.5L LT 4DR SDN 4D Blue | 110904 | HR | 97 | 2006 | JEEP | G CHEROKEE LARD 4DR 4X4 4D Gold |
| HR | 48 | 2010 | CHEV | SILVERADO 1500 LT 4X4 CREW CAB 4D Aqua | 107232 | HR | 98 | 2006 | MERC | MILAN 4DR SDN 3.0 4D Green |
| HR | 49 | 2011 | FORD | FOCUS SE 4DR SDN 4D Silver | 109052 | HR | 132 | 2008 | CHEV | HHR LT FWD 4DR 4D Silver |
| HR | 50 | 2015 | CHRYS | 200 LTD 4DR SDN FWD 4D Blue | 15725 | HR | 133 | 2013 | DODGE | AVENGER SE 4DR SDN 4D White |
| HR | 51 | 2014 | HYUNDAI | ELANTRA GT 5DR HB AUTO 4D Blue | 38751 | HR | 134 | 2012 | NISSAN | SENTRA 2.0 SR 4DR SDN I4 CVT 4D White |

*List is posted mid week for current weeks sale – and is subject to change*

*(If list isn't posted Wed afternoon – please call the auction to have Repo list emailed to you.)*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at**
sharon.white@adesa.com

*or call our office at 724-662-4500.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Visit our corporate Home page at** www.adesa.com **and check out some other ADESA auctions within your area.**

Send general inquires to admin@adesamercer.com

*Last Update May 18, 2016*

# EXHIBIT 7

9/11/2018       https://web.archive.org/web/20161004135819/http://adesamercer.com/

| http://adesamercer.com/ | Go | MAY **OCT** MAY |
|---|---|---|
| **11 captures** | | ◀ **04** ▶ |
| 18 Aug 2015 - 16 Apr 2018 | | 2015 **2016** 2018 |



# *ADESA Mercer Auto Auction*

### Office Hours:

**Monday-Wednesday 9am -4pm : Thursday 9:00am to 5:00pm : Friday 8:00am - 5:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the Bank Repo sales that are open to the public. Bank Repo sales are weekly and units run in Lane H at 9:00am. See further down for a list of the Fleet/Lease Repo unit running in the current sale.

Sales are Friday morning. Please call for details.

\*\*\*\*\*\*\*\*\*\*\*

# Call early for reservations! Airport pickup available!

## Phone (724) 662-4500

## Fax (724) 662-2840

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## (Dealers only)

https://web.archive.org/web/20161004135819/http://adesamercer.com/



EXHIBIT
7

https://web.archive.org/web/20161004135819/http://adesamercer.com/

| http://adesamercer.com/ | Go | MAY | OCT | MAY | |
| 11 captures | | ◀ 04 ▶ | | | |
| 18 Aug 2015 - 16 Apr 2018 | | 2015 | 2016 | 2018 | |

\*\* Report is available morning after the sale \*\* up to 6 weeks history is kept on line

\*\* pull by a general search or get a very specific search \*\* pull from more than 1 ADESA auction at a time

\*\* More detail than on the printed report

## *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PIADA TITLE OFFICE

## *PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT.*

## *STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to* crystal.mcintire@adesa.com

*Title office hours Monday-Thursday 9:30am to 3:00pm*

*Friday 8:30am – 3:00 pm*

*(Closed 12:30pm to 1:00pm for lunch)*

*Commonwealth of PA Fees*

*PA Title fee $51.00, Recording of Lien $24.00, ADESA service fee $10.00*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# Lane Schedule

**Lane A - Dealer Express (Any Year) – 9:45am**

**Lane B - Dealer Express (Any Year) – 9:45am**

**Lane C - Dealer Express (Any Year) – - 9:30am**

**Lane D - Dealer Express (Any Year) - 9:30am**

**Lane E – Dealer Express (Any Year) - 9:15am**

9/11/2018                         https://web.archive.org/web/20161004135819/http://adesamercer.com/



http://adesamercer.com/ [Go] MAY OCT MAY

◀ 04 ▶

11 captures
18 Aug 2015 - 16 Apr 2018                                        2015 **2016** 2018

**Lane H – Fleet/Lease & Repos – 9:00am**

**(Start times may be adjusted)**

**\*\*\*\*\*\*\*\*\*\*\***

## \*\* *Upcoming Sale Dates* \*\*

# October 7th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H.**

# October 14th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# October 21st - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# October 28th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

**\*\*\*\*\*\*\*\*\*\***

# Heavy Duty Truck Sale

## Tuesday ~ October 18, 2016

## *Dealers - can't make it to the sale?*

## *Bid on LiveBlock!!*

## Go to **http://www.adesa.com/** for dealer logon or registration.

9/11/2018    https://web.archive.org/web/20161004135819/http://adesamercer.com/



Send inquiries on the Heavy Duty Truck Sale to: **mark.carr@adesa.com** or **Sharon.white@adesa.com**

Also be sure to visit: **WWW.ADESARIGS.COM** for inventory preview for the Heavy Duty Truck Sale.

(Heavy Duty Truck Sale is open to the public - call for more information)

(Must be a registered dealer to purchase via LiveBlock)

~ ~ ~ ~ ~ ~ ~ ~ ~ ~

A current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **www.adesa.com** (dealers only).

Get your units here early in the week so they can be listed!

\* \* \* \* \* \* \* \* \* \* \*

# *Public Buyers:*

*Bank Repo Units are offered weekly in Lane H (lot HR) at 9:00am.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\* \* \* \* \* \* \* \* \* \* \*

## *ADESA Mercer: BANK REPO SALE*

9/11/2018                          https://web.archive.org/web/20161004135819/http://adesamercer.com/



http://adesamercer.com/                                              Go   MAY  OCT  MAY

11 captures                                                              ◄ 04 ►
18 Aug 2015 - 16 Apr 2018                                              2015 2016 2018        ▼ About this capture

*Reminder Public Buyers may bid on* **Designated Repo Units Only (Lot "HR")**

*Units open to the public will have a Buyer Warranty Guide in the window*

## (Dealers make sure to check out www.adesa.com for what other units are registered so far ~ updated as units are registered).

*List is posted mid week for current weeks sale - and is subject to change*

*(If list isn't posted Wed afternoon – please call the auction to have Repo list emailed to you.)*

**************

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at* sharon.white@adesa.com

*or call our office at 724-662-4500.*

**************

Visit our corporate Home page at www.adesa.com and check out some other ADESA auctions within your area.

Send general inquires to **admin@adesamercer.com**

*Last Update October 3, 2016*

# EXHIBIT 8

9/11/2018                    https://web.archive.org/web/20170520055728/http://adesamercer.com/



# *ADESA Mercer Auto Auction*

**Office Hours:**

Monday-Wednesday 9am –4pm : Thursday 9:00am to 5:00pm : Friday 8:00am - 5:00pm

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior to arrival)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the Bank Repo sales that are open to the public. Bank Repo sales are weekly and units run in Lane F at 9:00am. See further down for a list of the Fleet/Lease Repo unit running in the current sale.

Sales are Friday morning. Please call for details.

\*\*\*\*\*\*\*\*\*\*\*

## Call early for reservations! Airport pickup available!

Phone (724) 662-4500

Fax (724) 662-8716

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(Dealers only)

### The Market Report is available on line!

Go to www.adesa.com and sign in or register.

\*\* Report is available morning after the sale \*\* up to 6 weeks history is kept on line

\*\* pull by a general search or get a very specific search \*\* pull from more than 1 ADESA auction at a time

\*\* More detail than on the printed report

*Check out the new & improved run list for the auctions!*

See what is selling on LiveBlock - bid against the dealers at the sale!

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PIADA TITLE OFFICE

#### *PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT.*

#### *STOP IN AND SEE US OR CALL FOR MORE DETAILS*

Email title office questions to crystal.mcintire@adesa.com

*Title office hours Monday-Thursday 9:30am to 3:00pm*

*Friday 8:30am – 3:00 pm*

*(Closed 12:30pm to 1:00pm for lunch)*



http://adesamercer.com/ `Go`    OCT MAY SEP
11 captures    ◀ **20** ▶
18 Aug 2015 - 16 Apr 2018    2016 **2017** 2018

Lane A - Dealer Express (Any Year) – - 9:45am

Lane B - Dealer Express (Any Year) - 9:30am

Lane C – Dealer Express (Any Year) - 9:30am

Lane D - Dealer Express (Any Year) – Starts with Tow Row at appx 8:30am

Lane E – Dealer Express (Any Year) - 9:00am

Lane F – Fleet/Lease & Repos – 9:00am

(Start times may be adjusted)

\*\*\*\*\*\*\*\*\*\*\*

## \*\* *Upcoming Sale Dates* \*\*

## May 19th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo (details below)

## May 26th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo (details below)

## June 2nd - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo (details below)

## June 9th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo (details below)

\*\*\*\*\*\*\*\*\*\*

# Heavy Duty Truck Sale

## Tuesday ~ May 16, 2017

## *Dealers - can't make it to the sale?*

## *Bid on LiveBlock!!*

## Go to **http://www.adesa.com/** for dealer logon or registration.

*(Please be sure you've got your user id and password before sale time.)*

Send inquiries on the Heavy Duty Truck Sale to: **mark.carr@adesa.com** or **star.wheeler@adesa.com**

Also be sure to visit: **WWW.ADESARIGS.COM** for inventory preview for the Heavy Duty Truck Sale.

(Heavy Duty Truck Sale is open to the public - call for more information)

(Must be a registered dealer to purchase via LiveBlock)

Heavy Duty Truck Sale is also available via www.EquipmentFacts.com

~~~~~~~~~

A current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **www.adesa.com** (dealers only).

Get your units here early in the week so they can be listed!

9/11/2018 https://web.archive.org/web/20170520055728/http://adesamercer.com/

http://adesamercer.com/ — Go — OCT **MAY** SEP — ◀ **20** ▶ — 2016 **2017** 2018

11 captures
18 Aug 2015 – 16 Apr 2016

## *Public Buyers:*

*Bank Repo Units are offered weekly in Lane F (lot FR) at 9:00am.*

*AR units will run in the A Lane in order with the A Lot numbers.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*\*

## *ADESA Mercer: BANK REPO SALE*

## *May 19, 2017*

*Reminder* Public buyers *may bid on* **Designated Repo Units Only** *(Lot "FR & AR")*

**(Dealers make sure to check out www.adesa.com for what other units are registered so far
~ updated as units are registered).**

| Lot | # | Year | Make | Model Body Doors Color | Odom |
|-----|---|------|------|------------------------|------|
| FR | 1 | 2014 | CHRYS | 300 4DR SDN AWD 4D Blue | 37200 |
| FR | 2 | 2016 | JEEP | PATRIOT LATITUDE 4X4 4DR 4D Green | 11455 |
| FR | 4 | 2016 | SCION | TC 2DR HB MAN (NATL) 2D White | 15978 |
| FR | 5 | 2012 | BUICK | ENCLAVE LEATHER AWD 4DR 4D Beige | 70746 |
| FR | 7 | 2015 | CHEV | CRUZE LS 4DR SDN 4D Blue | 34575 |
| FR | 8 | 2013 | NISSAN | SENTRA SV 4DR SDN I4 CVT 4D Grey | 54774 |
| FR | 10 | 2014 | NISSAN | CUBE S 5DR WGN CVT 4D White | 19875 |
| FR | 11 | 2009 | LEXUS | ES 350 4DR SDN 4D Black | 84026 |
| FR | 12 | 2014 | NISSAN | ALTIMA 2.5 S 4DR SDN I4 4D Blue | 54043 |
| FR | 13 | 2011 | CHEV | SILVERADO 1500 4X4 CREW CAB 143.5" 4D White | 77914 |
| FR | 14 | 2015 | CHEV | SONIC LS 4DR SDN 4D Red | 14569 |
| FR | 15 | 2014 | NISSAN | MAXIMA 3.5 S 4DR SDN 4D Purple | 55590 |
| FR | 16 | 2011 | CHEV | MALIBU LT W/1LT 4DR SDN 4D Silver | 73058 |
| FR | 17 | 2015 | HYUNDAI | ELANTRA SE 4DR SDN AUTO (ULSAN 4D Blue | 29579 |
| FR | 18 | 2012 | HONDA | ACCORD SDN EX 4DR I4 AUTO 4D Silver | 87112 |
| FR | 19 | 2010 | FORD | F-150 STX 4X4 S/CAB 145" 2D Grey | 68075 |
| FR | 20 | 2013 | CHEV | SILVERADO 1500 LTZ 4X4 XCAB 143.5" 2D Black | 47098 |
| FR | 21 | 2008 | TOYOTA | RAV4 LTD 4X4 4DR V6 5-SPD AT 4D Silver | 57450 |
| FR | 22 | 2013 | HYUNDAI | VELOSTER RE:MIX 3DR CPE AUTO 3D White | 42131 |
| FR | 23 | 2015 | CHRYS | 200 LTD 4DR SDN FWD 4D White | 41277 |
| FR | 24 | 2008 | MERCEDES-BENZ | C-CLASS 3.0L SPRT 4DR SDN 4MATIC 4D Black | 96899 |
| FR | 25 | 2010 | FORD | EXPLORER XLT 4X4 4DR 4D Blue | 114397 |
| FR | 26 | 2012 | CHEV | EQUINOX LT W/1LT AWD 4DR 4D Black | 119457 |
| FR | 28 | 2012 | CHEV | CRUZE LT W/1LT 4DR SDN 4D Silver | 91816 |
| FR | 29 | 2012 | JEEP | COMPASS LATITUDE 4X4 4DR 4D Maroon | 76897 |
| FR | 30 | 2011 | HONDA | CIVIC SDN LX 4DR AUTO 4D Grey | 79095 |
| FR | 31 | 2011 | HYUNDAI | SONATA GLS 4DR SDN 2.4L AUTO 4D White | 80703 |
| FR | 32 | 2011 | FORD | F-150 XLT 4X4 S/CREW 145" 4D Blue | 53735 |
| FR | 34 | 2008 | BUICK | LACROSSE CX 4DR SDN 4D Silver | 118579 |
| FR | 35 | 2011 | HYUNDAI | TUCSON GLS FWD 4DR AUTO 4D Green | 62456 |
| FR | 36 | 2014 | KIA | OPTIMA LX 4DR SDN 4D White | 59110 |
| FR | 37 | 2010 | DODGE | JOURNEY SXT AWD 4DR 4D White | 115735 |
| FR | 38 | 2013 | CHEV | CRUZE 1LT 4DR SDN 4D Silver | 70246 |
| FR | 39 | 2012 | HYUNDAI | ELANTRA TRING GLS 4DR WGN AUTO 4D Red | 58887 |
| FR | 40 | 2005 | CHEV | COLORADO LS Z85 CREW CAB 126.0" WB 4 4D Red | 123778 |
| FR | 41 | 2012 | KIA | SOUL + 5DR WGN AUTO 4D Brown | 45601 |
| FR | 51 | 2012 | CHRYS | 200 LTD 4DR SDN 4D Brown | |
| FR | 52 | 2013 | RAM | 1500 EXPRESS 4X4 QUAD CAB 1 | |
| FR | 53 | 2012 | CHEV | MALIBU LT W/2LT 4DR SDN 4D | |
| FR | 54 | 2014 | FORD | FUSION SE 4DR SDN FWD 4D Sil | |
| FR | 55 | 2011 | HYUNDAI | SONATA LTD 4DR SDN 2.4L AUT | |
| FR | 56 | 2012 | KIA | FORTE EX 4DR SDN AUTO 4D W | |
| FR | 57 | 2012 | NISSAN | ALTIMA 2.5 S 4DR SDN I4 CVT 4 | |
| FR | 58 | 2015 | FORD | FUSION S 4DR SDN FWD 4D Bla | |
| FR | 59 | 2009 | DODGE | NITRO SLT 4X4 4DR 4D Blue | |
| FR | 61 | 2004 | NISSAN | XTERRA XE 4DR 4X4 V6 AUTO 4 | |
| FR | 62 | 2009 | MINI | COOPER HARDTOP S 2DR CPE 2 | |
| FR | 63 | 2012 | TOYOTA | RAV4 4X4 4DR I4 (NATL) 4D Blu- | |
| FR | 64 | 2010 | DODGE | CHARGER SXT 4DR SDN RWD 4I | |
| FR | 65 | 2011 | FORD | MUSTANG V6 2DR CPE 2D Black | |
| FR | 66 | 2010 | CHRYS | TWN&CNTRY LTD 4DR WGN 4D | |
| FR | 67 | 2007 | MERCEDES-BENZ | C-CLASS 2.5L SPRT 4DR SDN RW | |
| FR | 68 | 2011 | BMW | 3 SERIES 328I XDRIVE 4DR SDN | |
| FR | 69 | 2010 | LINC | MKS W/ECOBOOST 4DR SDN 3. | |
| FR | 70 | 2010 | FORD | ESCAPE XLT 4X4 4DR 4D Blue | |
| FR | 71 | 2010 | CHEV | MALIBU LT W/2LT 4DR SDN 4D | |
| FR | 72 | 2008 | CHEV | EQUINOX LT AWD 4DR 4D Grey | |
| FR | 73 | 2011 | HYUNDAI | ELANTRA GLS 4DR SDN AUTO (/ | |
| FR | 74 | 2008 | SUBARU | TRIBECA 7-PASS LTD 4DR 4D Gr | |
| FR | 75 | 2007 | HYUNDAI | SANTA FE SE AWD 4DR AUTO *l | |
| FR | 76 | 2012 | CHEV | CRUZE ECO 4DR SDN 4D Maroo | |
| FR | 77 | 2008 | GMC | SIERRA 1500 SLE1 4X4 CREW C/ | |
| FR | 78 | 2010 | DODGE | CALIBER SXT 4DR HB 4D Silver | |
| FR | 79 | 2009 | CHEV | TRAVERSE LS FWD 4DR 4D Blue | |
| FR | 80 | 2008 | SUBARU | LEGACY 3.0R LTD W/NAV 4DR H | |
| FR | 81 | 2009 | NISSAN | MURANO SL 2WD 4DR 4D Black | |
| FR | 82 | 2008 | PONT | G6 4DR SDN 4D Silver | |
| FR | 83 | 2011 | CHRYS | 200 TRING 4DR SDN 4D Black | |
| FR | 84 | 2011 | CHEV | AVEO LS 4DR SDN 4D White | |
| FR | 85 | 2012 | FORD | FOCUS SE 5DR HB 4D Grey | |
| FR | 86 | 2008 | CAD | CTS AWD W/1SB 4DR SDN 4D B | |
| AR | 51 | 2007 | CHEV | HHR LS 2WD 4DR 4D Teal | |
| AR | 52 | 2005 | HYUNDAI | TUCSON GLS 4DR FWD 2.7L V6 | |

https://web.archive.org/web/20170520055728/http://adesamercer.com/

3/4

9/11/2018 https://web.archive.org/web/20170520055728/http://adesamercer.com/



| FR | 45 | 2009 | TOYOTA | SIENNA XLE SDN 7-PASS VAN FWD ( 4D Grey | 58054 | AR | 56 | 2006 | FORD | FUSION SE 4DR SDN V6 4D SIlV |
| FR | 46 | 2010 | HONDA | ACCORD SDN LX-P 4DR I4 AUTO 4D Purple | 47196 | AR | 57 | 2004 | FORD | EXPLORER XLS 4DR 114" WB 4.0 |
| FR | 47 | 2009 | NISSAN | ALTIMA 2.5 SL 4DR SDN I4 CVT 4D Grey | 69908 | AR | 58 | 2008 | KIA | RONDO LX 4DR WGN V6 4D Silv |
| FR | 48 | 2015 | FORD | FOCUS SE 4DR SDN 4D Red | 26888 | AR | 59 | 2003 | DODGE | DURANGO SPRT 4DR 4X4 4D Bla |
| FR | 49 | 2009 | GMC | YUKON XL SLT W/4SB 4X4 4DR 1500 4D White | 109970 | AR | 60 | 2002 | DODGE | GRAND CARAVAN EX 4DR GRAN |
| FR | 50 | 2015 | DODGE | CHALLENGER SXT 2DR CPE 2D Grey | 37820 | AR | 61 | 2010 | DODGE | JOURNEY SE FWD 4DR 4D Gold |

*List is posted mid week for current weeks sale – and is subject to change*

*(If list isn't posted Wed afternoon – please call the auction to have Repo list emailed to you.)*

\*\*\*\*\*\*\*\*\*\*\*\*\*

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at*
star.wheeler@adesa.com

*or call our office at 724-662-4500.*

\*\*\*\*\*\*\*\*\*\*\*\*\*

Dealers please visit our corporate Home page at www.adesa.com and check out some other ADESA auctions
within your area.

Send general inquires to admin@adesamercer.com

*Last Update May 17, 2017*

# EXHIBIT 9

9/11/2018 https://web.archive.org/web/20170914164031/http://adesamercer.com/

http://adesamercer.com/    Go    MAY **SEP** MAR

**11 captures**    ◀ **14** ▶

18 Aug 2015 - 16 Apr 2018    2016 **2017** 2018



# *ADESA Mercer Auto Auction*

### Office Hours:

**Monday-Wednesday 9am -4pm : Thursday 9:00am to 5:00pm : Friday 8:00am - 5:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior to arrival)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the Bank Repo sales that are open to the public. Bank Repo sales are weekly and units run in Lane F at 9:00am. See further down for a list of the Fleet/Lease Repo unit running in the current sale.

Sales are Friday morning. Please call for details.

\*\*\*\*\*\*\*\*\*\*\*

# Call early for reservations! Airport pickup available!

## Phone (724) 662-4500

## Fax (724) 662-8716

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### (Dealers only)



EXHIBIT

tebbler

_____

| http://adesamercer.com/ | Go | MAY | SEP | MAR | ☉ |
| --- | --- | --- | --- | --- | --- |

**11 captures**
18 Aug 2015 - 16 Apr 2018

◄ **14** ►

2016 **2017** 2018

** Report is available morning after the sale ** up to 6 weeks history is kept on line

** pull by a general search or get a very specific search ** pull from more than 1 ADESA auction at a time

** More detail than on the printed report

### *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PIADA TITLE OFFICE

### *PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT.*

### *STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to* crystal.mcintire@adesa.com

*Title office hours Monday-Thursday 9:30am to 3:00pm*

*Friday 8:30am – 3:00 pm*

*(Closed 12:30pm to 1:00pm for lunch)*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Lane Schedule

**Lane A - Dealer Express (Any Year) – - 9:30am**

**Lane B - Dealer Express (Any Year) - 9:30am**

**Lane C – Dealer Express (Any Year) - 9:30am**

**Lane D - Dealer Express (Any Year) – Starts with Tow Row at appx 8:45am**

**Lane E – Dealer Express (Any Year) - 9:00am**

**Lane F – Fleet/Lease & Repos – 9:00am**

**(Start times may be adjusted)**

\*\*\*\*\*\*\*\*\*\*\*

9/11/2018                        https://web.archive.org/web/20170914164031/http://adesamercer.com/



## September 15ᵗʰ - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo (details below)**

## September 22ⁿᵈ - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo (details below)**

## September 29ᵗʰ - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo (details below)**

## October 6ᵗʰ - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo (details below)**

**\*\*\*\*\*\*\*\*\*\***

# Heavy Duty Truck Sale

## Tuesday ~ September 19, 2017

## *Dealers - can't make it to the sale?*

## *Bid on LiveBlock!!*

## Go to [http://www.adesa.com/](http://www.adesa.com/) for dealer logon or registration.

*(Please be sure you've got your user id and password before sale time.)*

**Send inquiries on the Heavy Duty Truck Sale to: mark.carr@adesa.com or star.wheeler@adesa.com**

**Also be sure to visit: WWW.ADESARIGS.COM for inventory preview for the Heavy Duty Truck Sale.**

**(Heavy Duty Truck Sale is open to the public - call for more information)**

9/11/2018                    https://web.archive.org/web/20170914164031/http://adesamercer.com/



~~~~~~~~~

A current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **www.adesa.com** (dealers only).

## Get your units here early in the week so they can be listed!

\*\*\*\*\*\*\*\*\*\*\*

# *Public Buyers:*

*Bank Repo Units are offered weekly in Lane F (lot FR) at 9:00am.*

*AR units will run in the A Lane in order with the A Lot numbers.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*\*

## *ADESA Mercer: BANK REPO SALE*

## *September 15, 2017*

*Reminder* Public buyers *may bid on* **Designated Repo Units Only** *(*Lot **"FR & AR")**

9/11/2018                    https://web.archive.org/web/20170914164031/http://adesamercer.com/



http://adesamercer.com/                              Go    MAY   SEP   MAR         ☻
**11 captures**                                              ◄ 14 ►
18 Aug 2015 - 16 Apr 2018                                   2016  2017  2018        ▼ About this capture

## ~ updated as units are registered).

### *List is posted mid week for current weeks sale - and is subject to change*

*(If list isn't posted Wed afternoon – please call the auction to have Repo list emailed to you.)*

\*\*\*\*\*\*\*\*\*\*\*\*\*

### *For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at* star.wheeler@adesa.com

### *or call our office at 724-662-4500.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Dealers please visit our corporate Home page at www.adesa.com and check out some other ADESA auctions within your area.

### Send general inquires to **admin@adesamercer.com**

*Last Update September 11, 2017*

# EXHIBIT 10





# *ADESA Mercer Auto Auction*

**Office Hours:**

**Monday-Wednesday 9am -4pm : Thursday 9:00am to 5:00pm : Friday 8:00am -
5:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior to arrival)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the
Bank Repo sales that are open to the public. Bank Repo
sales are weekly and units run in Lane F at 9:00am. See
further down for a list of the Fleet/Lease Repo unit
running in the current sale.

Sales are Friday morning. Please call for details.

\*\*\*\*\*\*\*\*\*\*\*

# Call early for reservations! Airport pickup available!

**Phone (724) 662-4500**

**Fax (724) 662-8716**



EXHIBIT
10

Case 2:19-cv-00898-MRH Document 64 Filed 01/29/19 Page 96 of 102
Case 2:16-cv-00830-RB1 Document 68-4 Filed 01/02/19 Page 99 of 102

Page 2 of 5



# The Market Report is available on line!

Go to **www.adesa.com** and sign in or register.

\*\* Report is available morning after the sale \*\* up to 6 weeks history is kept on line

\*\* pull by a general search or get a very specific search \*\* pull from more than 1 ADESA auction at a time

\*\* More detail than on the printed report

## *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PIADA TITLE OFFICE

## *PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT.*

## *STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to* crystal.mcintire@adesa.com

*Title office hours Monday-Thursday 9:30am to 3:00pm*

*Friday 8:30am – 3:00 pm*

*(Closed 12:30pm to 1:00pm for lunch)*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# Lane Schedule

### (subject to change per weekly consignment)

**Lane A - Dealer Express (Any Year) – - 9:30am**

**Lane B - Dealer Express (Any Year) - 9:30am**



Lane E – Dealer Express (Any Year) - 9:00am

Lane F – Fleet/Lease & Repos – 9:00am

(Start times may be adjusted)

\*\*\*\*\*\*\*\*\*\*

# Heavy Duty Truck Sale

### Third Tuesday of each month.

*Dealers - can't make it to the sale?*

*Bid on LiveBlock!!*

Go to [http://www.adesa.com/](http://www.adesa.com/) for dealer logon
or registration.

*(Please be sure you've got your user id and password
before sale time.)*

Send inquiries on the Heavy Duty Truck Sale to: mark.carr@adesa.com or
star.wheeler@adesa.com

Also be sure to visit: WWW.ADESARIGS.COM for inventory preview for the Heavy Duty
Truck Sale.

(Heavy Duty Truck Sale is open to the public - call for more information)

(Must be a registered dealer to purchase via LiveBlock)

Heavy Duty Truck Sale is also available via
www.EquipmentFacts.com

~~~~~~~~~

Case 2:19-cv-00898-MRH Document 68-4 Filed 01/29/19 Page 98 of 102
Case 2:16-cv-00180-MRH Document 68 Filed 01/02/19 Page 98 of 102

Page 4 of 5

A current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **www.adesa.com** (dealers only).

Get your units here early in the week so they can be listed!

\*\*\*\*\*\*\*\*\*\*\*

# *Public Buyers:*

*Bank Repo Units are offered weekly – lots are designated with a R as in FR or DR or AR etc.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*Please contact the office for information on what you need to have with you to obtain a bid number.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*\*

## *ADESA Mercer: BANK REPO SALE*

*Reminder* Public buyers *may bid on* **Designated Repo Units Only** *(*as noted above) units open to the public will have a buyers as-is warranty guide in the window.

**Public buyers may contact the auction for a list of units available weekly – please wait till Wednesday afternoon to inquire.**



************

*For more information about the Fleet/Lease & Bank Repo sale
you can email the Fleet/Lease Department at star.wheeler@adesa.com*

*or call our office at 724-662-4500.*

************

Dealers please visit our corporate Home page at www.adesa.com
and check out some other ADESA auctions within your area.

Send general inquires to **crystal.mcintire@adesa.com** or **Jennifer.kroll@adesa.com**

*Last Update September 20, 2017*

## <u>VERIFICATION</u>

I verify that the averments of fact made in this complaint are true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. Section 4904 relating to unsworn falsification to authorities.

Michael Dudo

## <u>VERIFICATION</u>

I verify that the averments of fact made in this complaint are true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. Section 4904 relating to unsworn falsification to authorities.

Gwendolyn Terrell

## VERIFICATION

I verify that the averments of fact made in this complaint are true and correct and based upon my personal knowledge, information and belief. I understand that averments of fact are made subject to the penalties of 18 PA C.S. Section 4904 relating to unsworn falsification to authorities.

_Danielle Dudo_
Danielle Dudo